[S.F. No. 24007. Nov. 27, 1979.]

JEROME A. LACKNER, Plaintiff and Appellant, v.
EDWARD LaCROIX et al., Defendants and Respondents.

COUNSEL

Betty Aronow for Plaintiff and Appellant.

Hassard, Bonnington, Rogers & Huber, Howard Hassard, David E. Willett and A. Robert Singer as Amici Curiae on behalf of Plaintiff and Appellant.

Ropers, Majeski, Kohn, Bentley & Wagner and Michael J. Brady for Defendants and Respondents.

OPINION

**CLARK, J.**—Plaintiff Jerome A. Lackner appeals from judgment of dismissal in an action for malicious prosecution. We affirm that judgment.

Defendant Roscoe Bailey, represented by defendant attorneys Edward LaCroix and Joseph Schumb, commenced a medical malpractice action against Lackner and others. The jury found the complaint had not been filed within the applicable limitations period as against Lackner, and the court dismissed as to him. Lackner then brought the instant action for malicious prosecution and defendants moved for summary judgment. In support of their motion defendants claimed the bar created by the statute in the underlying action did not satisfy the requirement that for Lackner to maintain the action for malicious prosecution there must have been a termination "favorable" to him in the first action. The trial court granted defendants' motion and dismissed the complaint.

█ "It is hornbook law that the plaintiff in a malicious prosecution action must plead and prove that the prior judicial proceeding of which he complains terminated in his favor." (*Babb* v. *Superior Court* (1971) 3 Cal.3d 841, 845 [92 Cal.Rptr. 179, 479 P.2d 379].) █ We therefore determine whether a successful statute of limitations defense constitutes a favorable termination of an underlying suit so as to support a subsequent action for malicious prosecution.

In *Hurgren* v. *Union Mutual Life Ins. Co.* (1904) 141 Cal. 585 [75 P. 168], a unanimous court held "...[A] verdict or final determination upon the merits of the malicious civil suit or criminal prosecution com-

plained of is not necessary to the maintenance of an action for malicious prosecution.... [I]t is sufficient to show that the former proceeding be *legally terminated*." (*Id.*, at p. 587; italics in orig.) The rule in *Hurgren* was refined in *Jaffe* v. *Stone* (1941) 18 Cal.2d 146 [114 P.2d 335, 135 A.L.R. 775], when this court unanimously held that termination of the underlying action must reflect on the defendant's innocence. "If [the termination] is of such a nature as to indicate the innocence of the accused, it is a favorable termination sufficient to satisfy the requirement. If, however, the dismissal is on technical grounds, for procedural reasons...it does not constitute a favorable termination." (*Id.*, at p. 150; accord *Minasian* v. *Sapse* (1978) 80 Cal.App.3d 823, 826 [145 Cal.Rptr. 829].) "The theory underlying the requirement of favorable termination is that it tends to indicate the innocence of the accused, and coupled with the other elements of lack of probable cause and malice, establishes the tort [of malicious prosecution]." (*Id.*, at p. 150; accord *Babb* v. *Superior Court, supra,* 3 Cal.3d 841, 846.[1]

■ It is not essential to maintenance of an action for malicious prosecution that the prior proceeding was favorably terminated following trial on the merits. However, termination must *reflect* on the merits of the underlying action. (*Minasian* v. *Sapse, supra,* 80 Cal.App.3d 823, 827.) In holding a dismissal for failure to prosecute constitutes a favorable termination, the court in *Minasian* noted several examples illustrative of what may or may not be deemed favorable termination. "In some instances the manner of termination reflects the opinion of the court that the action lacks merit, as where the criminal proceedings are dismissed for lack of sufficient evidence of guilt following a preliminary hearing. [Citation omitted.] In others, the termination reflects the opinion of the prosecuting party that, if pursued, the action would result in a decision in favor of the defendant, as where the district attorney seeks dismissal of the prosecution of a criminal action for lack of evidence [citations omitted] or where the plaintiff in a civil proceeding voluntarily dismisses the action [citations omitted]. By way of contrast, a dismissal...for lack of jurisdiction [citation omitted] not only is not on the merits, it is unreflective of the merits; neither the judgment of the court nor that of the prosecuting party on the merits is implicated in the dismissal. [¶] A dismissal for failure to prosecute...does reflect on

---

[1]While *Jaffe* was a criminal proceeding, the same standard for favorable termination was extended to civil cases in *Babb* v. *Superior Court, supra,* 3 Cal.3d 841. Speaking for a unanimous court, Justice Sullivan stated "...the gist of the statement is equally applicable to cases, like the one at bench, where the main action is civil." (*Id.*, at p. 846.)

the merits of the action. . . . The reflection arises from the natural assumption that one does not simply abandon a meritorious action once instituted." (*Id.*, at p. 827; see *Jaffe* v. *Stone, supra,* 18 Cal.2d 146, 150-152.)

It is apparent "favorable" termination does not occur merely because a party complained against has prevailed in an underlying action. While the fact he has prevailed is an ingredient of a favorable termination, such termination must further reflect on his innocence of the alleged wrongful conduct. If the termination does not relate to the merits—reflecting on neither innocence of nor responsibility for the alleged misconduct—the termination is not favorable in the sense it would support a subsequent action for malicious prosecution.[2]

■ Termination of an action by a statute of limitations defense must be deemed a technical or procedural as distinguished from a substantive termination. Like other procedural defenses—i.e., lack of personal jurisdiction or failure to comply with the statute of frauds—the limitations defense is waived unless timely raised. Its procedural nature is further demonstrated by operation of the principal of revival by acknowledgement whereby a debt, though timely barred, may be revived through a new promise or written acknowledgment by the debtor. (See, 2 Witkin, Cal. Procedure (2d ed. 1970) Actions, § 390, p. 1223.)

Dismissal of the underlying action simply does not bear on plaintiff's alleged malpractice. ■ "'Statutes of limitations. . . are designed to promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared. The theory is that even if one has a just claim it is unjust not to put the adversary on notice to defend within the period of limitation and that the right to be free of stale claims in time comes to prevail over the right to prosecute them.' (*Order of R.R. Telegraphers* v. *Railway Exp. Agency* (1944) 321 U.S. 342 [348-349]. . . .)" (2 Witkin, Cal. Procedure, *supra*, Actions, § 225, p. 1083.) Thus the purpose served by dismissal on limitations grounds is in no way dependent on nor reflective of the merits—or lack thereof

[2]A termination "inconsistent with wrongdoing" implies a lack of wrongful conduct and thus innocence—a favorable termination. A termination "not inconsistent with wrongdoing" could imply neither innocence nor responsibility for the alleged misconduct, as in the case of a termination not on the merits. While properly a test for a termination other than a favorable termination (see *Jaffee* v. *Stone, supra,* 18 Cal.2d 146, 150), it is not the clearest of expressions for an unfavorable termination.

—in the underlying action. (See *Minasian v. Sapse, supra,* 80 Cal. App.3d 823, 827.) Insofar as appears, defendant's cause of action for plaintiff's alleged malpractice may well have been substantively meritorious.

Strong policy reasons run against maintenance of a cause of action for malicious prosecution based on an action dismissed for limitations reasons. An essential element of a cause of action for malicious prosecution is the defendant's lack of probable cause for prosecuting the underlying action. (See *Jaffe v. Stone, supra,* 18 Cal.2d 146, 149.) The existence of probable cause is thus a matter of proof in the action for malicious prosecution. We have noted policy reasons in support of a limitations defense—the unjustness in requiring an alleged wrongdoer to defend against a stale claim. When the underlying action has been dismissed for that reason and the prevailing party attempts to assert a cause for malicious prosecution, he necessarily puts in question the same stale issues. Certainly if policy considerations preclude litigation of such issues in the underlying action, the same considerations also preclude it in the malicious prosecution action.

The policy underlying limitation defenses is further exemplified by the long-standing principle that "[t]he statute may be used only as a 'shield' and not as a 'sword,' i.e., it can only be set up as a defense to a suit...and cannot be invoked affirmatively...as the foundation of a right." (2 Witkin, Cal. Procedure, *supra,* Actions, § 228, p. 1086.) It is clear plaintiff's attempt to base his action for malicious prosecution on the malpractice action barred by the statute is in effect an attempt to use the statute as a "sword." This does nothing to further the statute's purpose of protecting defendants from stale claims.

A bar raised by the statute of limitations does not reflect on the merits of the action and thus is not a favorable termination for purposes of a subsequent malicious prosecution action. It would be unjust both to relieve plaintiff from defending the action because it was not brought before expiration of the limitation period, and to then allow him to use that termination as the basis for a malicious prosecution action when his misconduct would not substantively support the cause of action asserted by defendant.[3]

---

[3]Lackner does not claim defendants prosecuted the underlying action for medical malpractice knowing the term of the applicable statute of limitations had run. Thus we do not confront the question of a defendant's right to relief when a knowingly ill-founded suit brought only to harass or vex the defendant fails for procedural reasons. (See Prosser, Law of Torts (4th ed. 1971) pp. 850-853; Rest.2d Torts, §§ 674-676.)

In addition to appealing the judgment plaintiff also seeks review of the trial court's denial of his motion for partial summary judgment on the issue of defendants' lack of probable cause to bring the underlying malpractice action. (See fn. 1, *ante.*) An order denying partial summary judgment is a nonappealable order although reviewable on appeal from the final judgment. (Code Civ. Proc., §§ 904.1, 906.) Because plaintiff's action for malicious prosecution will not lie in the circumstances of this case, we need not reach the probable cause issue.

The judgment is affirmed.

Tobriner, Acting C. J., Mosk, J., Richardson, J., Manuel, J., Newman, J., and Taylor, J.,* concurred.

Appellant's petition for a rehearing was denied January 17, 1980. Bird, C. J., did not participate therein.

---

*Assigned by the Acting Chairperson of the Judicial Council.