[No. G003704. Fourth Dist., Div. Three. Jan. 29, 1988.]

CHARLES H. HAIGHT, Plaintiff and Appellant, v.
MARTIN C. HANDWEILER et al., Defendants and Respondents.

COUNSEL

Charles H. Haight, in pro. per., for Plaintiff and Appellant.

Ruben & Crispi, Robert A. Schwartz, Lewis D'Amato, Brisbols & Bisgaard and Raul L. Martinez for Defendants and Respondents.

OPINION

WALLIN, J.—Charles Haight filed an action for malicious prosecution against Dr. John Godes and Martin Handweiler, Godes's attorney, based on a previous action from which Godes had voluntarily dismissed Haight. The issue of whether the dismissal constituted a favorable termination was bifurcated and tried first. After taking testimony and receiving documentary evidence, the court found the element of favorable termination lacking and granted judgment for the defendants. We affirm.

In 1975, Haight filed a medical malpractice action against Godes. Off and on during the course of the litigation Haight was represented by Attorney Paul Gergen, although Haight was in pro. per. at the time of trial. At trial, Haight called his expert, whose testimony was unexpectedly unfavorable to him. The jury rendered a verdict for Godes.

Godes then filed a malicious prosecution action against Haight, Haight's erstwhile attorney, Gergen, and Haight's expert witness. The expert settled for $37,500. Subsequently, Gergen's attorney, Gordon Bosserman, contacted Godes's attorney, Martin Handweiler, and offered $37,500 to settle Godes's claims against Gergen in exchange for the dismissal of both Gergen and Haight. Neither Haight nor his attorney, James Gelder, authorized the dismissal. They were informed about it before the settlement was finalized, however, when Bosserman attempted to get Haight to sign a release of future claims against Gergen.

Haight filed a complaint for malicious prosecution and negligent and intentional infliction of emotional distress. The latter two causes of action were disposed of by demurrer and judgment on the pleadings, respectively. At trial of the malicious prosecution action the issue of favorable termination was tried first, and judgment was rendered against Haight. Haight filed a request for a statement of decision. Counsel for Godes and Handweiler filed a proposed statement of decision which was adopted by the court when judgment was entered. Haight appeals, claiming the evidence shows a favor-

able termination as a matter of law and the statement of decision failed to explain the factual and legal basis for the judgment.[1]

I

One of the three elements necessary to support an action for malicious prosecution is a prior judicial proceeding terminated in favor of the present plaintiff. (*Bertero* v. *National General Corp.* (1974) 13 Cal.3d 43, 50 [118 Cal.Rptr. 184, 529 P.2d 608, 65 A.L.R.3d 878].) " 'The theory underlying the requirement of favorable termination is that it tends to indicate the innocence of the accused, and coupled with the other elements of lack of probable cause and malice, establishes the tort [of malicious prosecution].' " (*Lackner* v. *LaCroix* (1979) 25 Cal.3d 747, 750-751 [159 Cal.Rptr. 693, 602 P.2d 393], quoting from *Jaffe* v. *Stone* (1941) 18 Cal.2d 146, 150 [114 P.2d 335, 135 A.L.R. 775].)

Where a proceeding is terminated other than on its merits, the reasons underlying the termination must be examined to see if it reflects the opinion of either the court or the prosecuting party that the action would not succeed. (*Stanley* v. *Superior Court* (1982) 130 Cal.App.3d 460, 464-465 [181 Cal.Rptr. 878]; *Jaffe* v. *Stone, supra,* 18 Cal.2d 146, 150; *Minasian* v. *Sapse* (1978) 80 Cal.App.3d 823 [145 Cal.Rptr. 829].) "The type of litigation terminations which may be considered favorable to the defendant may be illustrated through example. In *Jaffe* v. *Stone, supra,* 18 Cal.2d at pages 149-152, the court held a dismissal of a criminal action by a magistrate for lack of probable cause is a favorable termination even though the action may be recommenced by complaint or indictment. In *MacDonald* v. *Joslyn* (1969) 275 Cal.App.2d 282, 289 [79 Cal.Rptr. 707, 35 A.L.R.3d 641], the court *held a voluntary dismissal without prejudice* of a civil suit is a favorable termination. In *Minasian* v. *Sapse, supra,* 80 Cal.App.3d at page 827, the court held a dismissal for *failure to prosecute* under Code of Civil Procedure section 583, subdivision (a), is a favorable termination of the litigation." (*Stanley* v. *Superior Court, supra,* 130 Cal.App.3d at p. 464.)

In contrast, a dismissal resulting from a *settlement* generally does not constitute a favorable termination. "In such a case the dismissal reflects ambiguously on the merits of the action as it results from the joint action of the parties, thus leaving open the question of defendant's guilt or innocence. [Citation.]" (*Minasian* v. *Sapse, supra,* 80 Cal.App.3d at p. 827, fn. 4; *Coleman* v. *Gulf Ins. Group* (1986) 41 Cal.3d 782, 794, fn. 9 [226 Cal.Rptr. 90,

---

[1] Haight argues on appeal there was error below concerning the admission of hearsay evidence; however, he fails to specify the evidence or to show an objection at trial to its admissibility. Therefore, we treat the argument as waived.

718 P.2d 77]; *Jaffe* v. *Stone, supra,* 18 Cal.2d at pp. 151-152; *Weaver* v. *Superior Court* (1979) 95 Cal.App.3d 166, 184-185 [156 Cal.Rptr. 745].)

Haight argues because he did not agree to the settlement the termination should be treated as a voluntary dismissal of him; he contends it is unfair to deny him his right to sue Godes for bringing an allegedly groundless action against him. However, the focus is not on Haight's opinion of his innocence, but on that of Godes, the dismissing party.

■ The determination of the reasons underlying the dismissal is a question of fact. (See, e.g., *Minasian* v. *Sapse, supra,* 80 Cal.App.3d at p. 828.) ■ The court found Godes dismissed Haight because it was necessary to effect the settlement, and there is substantial evidence to support that conclusion. Testimony, essentially undisputed, revealed that Bosserman insisted on Haight's dismissal as a condition of settlement because he wanted to protect Gergen from future cross-complaints. Handweiler recommended Haight's dismissal to Godes because Gergen would not settle without it and Handweiler felt $75,000 was "reasonable compensation for the damage that Doctor Godes had suffered as a consequence of the underlying case." Godes authorized the dismissal ". . . based on the advice of Mr. Handweiler" and ". . . in order to achieve the settlement."

Since Godes considered the total monies offered him by Haight's codefendants fair compensation for his injuries, Godes had no reason to pursue the action further against Haight; and Haight's dismissal was a condition of the settlement with Gergen. Such a termination does not necessarily reflect Godes's opinion that his action against Haight lacked merit and thus does not qualify as a favorable termination in the context of a malicious prosecution action.

## II

■ Haight next complains the court's statement of decision does not address the questions he raised in his request.[2] The request lists 14 questions, most of which have subparts, probing the evidentiary details underlying the determination of unfavorable termination. The statement of decision recited the court's conclusion that Godes dismissed Haight "in order to receive $37,500 from Gergen's insurance carrier, which monies could not have been obtained unless Haight was dismissed. The dismissal had nothing

---

[2] Haight's request for a statement of decision was not properly made a part of the record on appeal. On our own motion, however, we obtained the superior court file and reviewed it. While doing so, we noticed the statement of decision was not signed by the court, but the language of the judgment indicates the court adopted the proposed statement of decision prepared by counsel for Godes and Handweiler.

to do with the merit or lack of merit of the case against Haight. . . . Under these circumstances, Haight's dismissal from the case does not constitute a favorable termination."

The statement of decision is more than adequate under the law. "[Civil Code section] 632 provides in pertinent part that '[u]pon the request of any party . . . the court shall issue a statement of decision explaining the factual and legal basis for its decision as to each of the principal controverted issues at trial.' Case law pursuant to section 632 provides that 'the trial court's statement of decision need do no more than give reasons which state the grounds upon which the judgment rests.' [Citation.] A statement of ultimate findings is all that is required. [Citations.]" (*Aviointeriors SpA* v. *World Airways, Inc.* (1986) 181 Cal.App.3d 908, 913 [226 Cal.Rptr. 527].) The court was not required to answer each question in Haight's request.

The judgment is affirmed. Respondents are entitled to costs on appeal.

Sonenshine, Acting P. J., and Crosby, J., concurred.