ALLEN WONG, Plaintiff-Appellant, *v.* VICTOR PANIS, JR.,
SYLVIA PANIS, FRANCIS M. NAKAMOTO, MELVIN Y.
AGENA and KARIN K. KANESHIRO, Defendants-Appellees

NO. 13204

(CIVIL NO. 88-0460-02)

MAY 4, 1989

BURNS, C.J., HEEN AND TANAKA, JJ.

OPINION OF THE COURT BY HEEN, J.

Plaintiff-Appellant Allen Wong (Wong) appeals from the summary judgment entered below in favor of Defendants-Appellees Victor Panis, Jr. (Victor), and Sylvia Panis (collectively the Panises), and their attorney, Francis M. Nakamoto (Nakamoto) (where ap-

propriate the Panises and Nakamoto will be referred to collectively as Defendants).[1] We affirm.

## FACTS

The material facts are undisputed.

The controversy here stems from a long-running feud between Wong and the Panises, who were neighbors in Waipahu. As a result of several confrontations between them, Wong filed two criminal harassment complaints against Victor. On March 3, 1986, after a trial, Victor was convicted of one charge and acquitted of the other. Meanwhile, on February 26, 1986, Wong filed a civil action for damages (Civil No. 86-0820) against the Panises alleging nuisance and intentional infliction of mental and emotional distress. Nakamoto filed a counterclaim on behalf of the Panises alleging that beginning in 1976 or 1977, Wong began to "intentionally harass and annoy" them by making false complaints to the police; that Wong's "false and exaggerated" statements to the police had libeled and defamed the Panises; and that Wong's actions deprived them of the enjoyment of their premises and created a nuisance. Thereafter, on April 18, 1986, Wong filed another action (Civil No. 86-1483), this time against Victor and Jonathan S. Durrett (Durrett), Victor's attorney in the criminal proceedings. In addition to another allegation of nuisance, the complaint in Civil No. 86-1483 alleged that Victor and Durrett intentionally caused Wong extreme · mental or emotional distress by threatening to sue him if he did not drop the criminal charges against Victor. Nakamoto filed a counterclaim for Victor in Civil No. 86-1483, which again alleged intentional infliction of emotional distress and libel and defamation arising from the same allegedly false complaints. The counterclaim also alleged that Wong had committed perjury in his testimony at

---

[1] A summary judgment was entered in favor of Defendants Melvin Y. Agena (Agena) and Karin K. Kaneshiro (Kaneshiro) on April 13, 1988. Wong filed a separate notice of appeal from the judgment in favor of Agena and Kaneshiro on September 19, 1988, and the appeal was docketed as No. 13367. On November 17, 1988, the supreme court granted Agena's and Kaneshiro's motion to dismiss the appeal for lack of appellate jurisdiction in No. 13367. On December 5, 1988, the supreme court denied Wong's motion for reconsideration of the order dismissing the appeal.

Victor's criminal trial.[2] Nakamoto withdrew as the Panises' attorney and Melvin Y. Agena (Agena) and Karin K. Kaneshiro (Kaneshiro) (collectively Agena) replaced him. Agena amended the counterclaims in both cases, setting forth the details of the allegedly false complaints made to the police by Wong. The lower court granted the Panises' motion for voluntary dismissal of the amended counterclaims in both cases, without prejudice. Both cases have since been dismissed with prejudice.

## PROCEDURE BELOW

In this action Wong seeks damages from Defendants for malicious prosecution, abuse of process, and intentional infliction of emotional distress. In the amended complaint Wong alleges that the counterclaims in Civil Nos. 86-0820 and 86-1483 were made by Defendants falsely, maliciously, intentionally, wilfully, and without probable cause. It also alleges that Nakamoto and Agena were grossly negligent in filing the counterclaims and amended counterclaims. The amended complaint alleges that the counterclaims were filed to harass Wong, to put him to the expense of defending against them, and to coerce him into either withdrawing his complaints in Civil Nos. 86-0820 and 86-1483, or settling those cases for less than he was entitled to recover. The amended complaint also alleges that questions posed to Wong and his wife in their oral depositions and in written interrogatories were "abusive" and were for the purpose of harassing, embarrassing, intimidating, and degrading him and his wife.

On April 20, 1988, Nakamoto filed a motion for summary judgment, and on April 27, 1988, the Panises also filed a motion for summary judgment. On May 16, and May 27, 1988, Wong filed memoranda in opposition to those motions. Although Wong did not file a Rule 56(f), Hawaii Rules of Civil Procedure (1980) motion to continue the hearing in order to make discovery, he did request in his memorandum that, if the court were inclined to grant the motion on the state of the record, he be allowed to conduct discovery. In his affidavit attached to the memorandum Wong asserted

---

[2] Jonathan S. Durrett did not file a counterclaim in Civil No. 86-1483 and is not named as a defendant in this case.

that he and his attorney needed more time to finish preparing interrogatories. After a hearing, the court entered orders granting Defendants' motions for summary judgment on June 16, 1988, and July 8, 1988, respectively. On July 18, 1988, Wong filed a notice of appeal. On July 26, 1988, judgment was entered in favor of Nakamoto, and on August 17, 1988, a "Final Judgment" was entered in favor of the Panises.[3]

## ISSUE ON APPEAL

The dispositive issue is whether Defendants were entitled to judgment on Wong's claims as a matter of law.

> Summary judgment is properly granted if the record indicates there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. *Fochtman v. Honolulu Police and Fire Departments,* 65 Haw. 180, 649 P.2d 1114 (1982); *McKeague v. Talbert,* 3 Haw. App. 646, 658 P.2d 898 (1983). . . . Where there are no genuine issues of fact, a defendant, on proper motion, is entitled to judgment as a matter of law if it is clear that there is no discernible theory under which plaintiff could recover. *Abraham v. Onorato Garages,* 50 Haw. 628, 446 P.2d 821, *reh'g denied,* 50 Haw. 639 (1968); *Yamamoto v. Premier Insurance Co.,* 4 Haw. App. 429, 668 P.2d 42 (1983); *Costa v. Able Distributors, Inc.,* 3 Haw. App. 486, 653 P.2d 101 (1982). Furthermore, both the trial court and the appellate court must view the evidence in the light most favorable to the non-moving party. *Standard Finance Co. v. Ellis,* 3 Haw. App. 614, 657 P.2d 1056 (1983).

*Carrington v. Sears, Roebuck & Co.,* 5 Haw. App. 194, 197, 683 P.2d 1220, 1224 (1984). The inferences drawn from the evidence must be logical and reasonable. *See Hui Malama Aina O Ko'olau v. Pacarro,* 4 Haw. App. 304, 666 P.2d 177 (1983).

We will consider Wong's substantive claims *seriatim.* In doing so, it must be borne in mind that, in addition to the essential elements

---

[3] The trial court's minutes indicate that on June 1, 1988, all parties were notified of the court's decision to grant the motions, and defense counsel were instructed to prepare the orders. Although the July 18, 1988 notice of appeal preceded the judgments, under Rule 4(a)(2), Hawaii Rules of Appellate Procedure (1984), we have jurisdiction over the appeal from the August 17, 1988 judgment.

listed below for each claim, the law of torts requires that the plaintiff must prove that he or she has suffered damages as a result of the actions complained of.

## MALICIOUS PROSECUTION

"There are three essential elements in a claim for malicious prosecution: (1) that the prior proceedings were terminated in the plaintiffs' favor, (2) that the prior proceedings were initiated without probable cause, and (3) that the prior proceedings were initiated with malice."

*Myers v. Cohen,* 67 Haw. 389, 391, 688 P.2d 1145, 1148 (1984) *(Myers II)* (quoting *Brodie v. Hawaii Automobile Retail Gasoline Dealers Ass'n, Inc.,* 2 Haw. App. 316, 318, 631 P.2d 600, 602 (1981), *rev'd on other grounds,* 65 Haw. 598, 655 P.2d 863 (1982)).

The question here, which is one of first impression in this jurisdiction, is whether a voluntary dismissal of a prior civil action without prejudice constitutes a favorable termination. In *Myers v. Cohen,* 5 Haw. App. 232, 687 P.2d 6 (1984) *(Myers I), rev'd on other grounds, Myers II,* this court said that the plaintiff in a malicious prosecution suit has satisfied the first element if the termination was in his favor and " 'in such a manner that it cannot be revived.' " *Id.* at 237, 687 P.2d at 11 (quoting W. Prosser, *Law of Torts* (4th ed. 1971) at 839). The requirement is met when there has been an adjudication in the plaintiff's favor on the merits, *see Brodie v. Hawaii Automobile Retail Gasoline Dealers Ass'n, Inc., supra,* or the termination reflects on the merits. *Frey v. Stoneman,* 150 Ariz. 106, 722 P.2d 274 (1986).

Whether a withdrawal or an abandonment constitutes a final termination of the case in favor of the person against whom the proceedings are brought and whether the withdrawal is evidence of a lack of probable cause for their initiation, depends upon the circumstances under which the proceedings are withdrawn.

Restatement (Second) of Torts (Restatement) § 674, comment j (1977). A voluntary dismissal of a prior action without prejudice may be a favorable termination, depending on the circumstances. *Nelson v. Miller,* 227 Kan. 271, 607 P.2d 438 (1980).

In the instant case, we do not know why the counterclaims were voluntarily dismissed.[4] However, the order granting the voluntary dismissal in each case stated as one of its conditions that "Counterclaimants agree not to reassert a counterclaim . . ." in the same proceedings, and that if the counterclaims were asserted under a different civil number, the discovery already made could be used in the subsequent case. The only reasonable inference that can be made from the orders is that the court was not adjudicating the counterclaims and that Defendants were not abandoning them. Wong's argument that the statute of limitations transformed the dismissals into favorable terminations is without merit. Termination of a claim by the statute of limitations does not reflect on the merits of the claim. *Lackner v. LaCroix*, 25 Cal. 3d 747, 159 Cal. Rptr. 693, 602 P.2d 393 (1979).

Since Wong cannot prevail on the element of favorable termination, he cannot, as a matter of law, prevail on his malicious prosecution claim.

## ABUSE OF PROCESS

The tort of abuse of process has as its essential elements (1) an ulterior purpose and (2) a wilful act in the use of the process which is not proper in the regular conduct of the proceeding. *Myers I, supra.* We held in *Myers I* that settlement " 'is includable in the goals of proper process.' " *Id.* 5 Haw. App. at 244, 687 P.2d at 15 (quoting *Bickel v. Mackie*, 447 F. Supp. 1376, 1383 (N.D. Iowa 1978)).

Liability for abuse of process is imposed when the putative tortfeasor uses legal process "primarily" for an ulterior motive. Restatement § 682.

> The significance of [the word "primarily"] is that there is no action for abuse of process when the process is used for the purpose for which it is intended, but there is an incidental motive of spite or an ulterior purpose of benefit to the defendant. . . .

---

[4] The parties disagree on whether or not Wong objected to the voluntary dismissal. The issue is immaterial under the circumstances.

For abuse of process to occur there must be use of the process for an immediate purpose other than that for which it was designed and intended.

*Id.* comment b.

Wong argues that the counterclaims and the "abusive" questions asked of him and his wife indicated an ulterior purpose on Defendants' part to have Wong expend funds to defend himself from the counterclaims, to harass and embarrass him, and to get him to settle his claims for a lesser amount than he was entitled to.

Since the counterclaims and the questions, by Wong's own admission, were asserted for the purpose of settlement, the "improper" motives ascribed by him to Defendants were incidental. Wong has no claim for abuse of process.

## INTENTIONAL HARM

The elements necessary to a claim for intentional infliction of mental or emotional distress are: (1) that the act allegedly causing harm was intentional; (2) that the act was unreasonable; and (3) that the actor should have recognized that the act was likely to result in illness. *Ailetcher v. Beneficial Finance Co. of Hawaii,* 2 Haw. App. 301, 632 P.2d 1071 (1981).

The question is whether the lower court erred in holding as a matter of law that the counterclaims and the allegedly abusive questions, without more, were not unreasonable.

Restatement § 46, comment d, states in pertinent part that,

[l]iability [for intentional harm] has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, "Outrageous!"

The Restatement holds that the question whether the actions of the alleged tortfeasor are unreasonable or outrageous is for the court in the first instance, although where reasonable persons may differ on that question it should be left to the jury. *Id.* comment h;

see *Moore v. State Bank of Burden,* 240 Kan. 382, 729 P.2d 1205 (1986), *cert. denied,* 482 U.S. 906, 107 S.Ct. 2484, 96 L.Ed.2d 376 (1987).

The Hawaii Supreme Court applied the same approach in *Fraser v. Blue Cross Animal Hospital,* 39 Haw. 370 (1952). There, the plaintiff alleged that the hospital had made numerous unfounded demands that the plaintiff pay them money she did not owe; that, although the plaintiff informed the hospital that a dog owner with the same name as the plaintiff lived in the neighborhood, the hospital failed and refused to make further investigation before filing suit against the plaintiff. In that prior suit a default judgment against the plaintiff was vacated; however, the hospital continued to demand that she pay the bill. In *Fraser* the trial court overruled the hospital's demurrer and allowed an interlocutory appeal. The supreme court reversed, stating that "[t]he preliminary question of whether the complaint states facts which, if proved, would permit the case to go to the jury is for the judge, but where men may well differ upon the reasonableness and the decency of the actions complained of, the question should be submitted to the jury[.]" *Id.* at 377. The court held that "the facts alleged would not justify any finding that the attempts to collect the alleged claim were unreasonable and beyond the bounds of decency." *Id. See also Denenberg v. American Family Corp. of Columbus, Ga.,* 566 F. Supp. 1242 (E.D. Pa. 1983); *East River Sav. Bank v. Steele,* 169 Ga. App. 9, 311 S.E.2d 189 (1983); *Fischer v. Maloney,* 43 N.Y.2d 553, 402 N.Y.S.2d 991, 373 N.E.2d 1215 (1978). *Cf. Chedester v. Stecker,* 64 Haw. 464, 643 P.2d 532 (1982).

In the instant case we, likewise, conclude that the filing of the counterclaims and the questions asked of Wong and his wife in discovery would not justify a finding that those acts were outrageous or unreasonable so as to be beyond the bounds of decency. As noted above, Victor was acquitted of one of Wong's harassment charges. Defendants were entitled to present the Panises' side of the running dispute and to vindicate their position by way of the counterclaims. Additionally, while the questions asked in discovery may have been irrelevant to the issues and somewhat embarrassing to Wong and his wife, they were not so unreasonable as to create liability for an intentional tort.

## CONCLUSION

Plaintiff's claims cannot, as a matter of law, be sustained by him. Consequently, summary judgment was properly granted.

In view of our decision on the merits of Wong's claims, we do not deem it necessary to discuss Wong's other arguments.

Affirmed.

*Chris P. Bertelmann* and *Allen Wong* on the briefs for plaintiff-appellant.

*James Kawashima* and *Wendell K. Fuji* on the brief for defendants-appellees the Panises.

*Ronald D. Libkuman, Sidney K. Ayabe and Diane W. Wong (Libkuman, Ventura, Ayabe, Chong & Nishimoto,* of counsel) on the briefs for defendant-appellee Nakamoto.