**JARESS & LEONG, Attorneys at Law, a law corporation, Plaintiff,**

v.

**Jean P. BURT, Personal Representative of the Estate of William R. Burt; and Deer Creek Ranch, Defendants.**

**No. CIV 00–00719 SOM–KSC.**

United States District Court, D. Hawaii.

June 14, 2001.

Richard J. Archer, Archer & Hanson, Honolulu, HI, for plaintiffs.

Edward C. Kemper, Kemper & Watts, Honolulu, HI, for defendants.

### ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

MOLLWAY, District Judge.

### I. INTRODUCTION.

On October 10, 2000, Plaintiff Jaress & Leong ("Jaress & Leong"), a law firm, brought this action for malicious prosecution against Defendants William R. Burt and Deer Creek Ranch (collectively "Deer Creek") in state court.[1] The Complaint alleges that Deer Creek maliciously initiated two legal malpractice actions in state court against Jaress & Leong without probable cause. Deer Creek removed this case from state court on November 2, 2000.

Deer Creek has moved for summary judgment, arguing that malicious prosecution claims cannot proceed because the underlying civil actions were not terminated in favor of Jaress & Leong. The court denies Deer Creek's motion for summary judgment because there is a question of fact as to whether the underlying civil actions were terminated in favor of Jaress & Leong when the actions were voluntarily dismissed with prejudice.

### II. BACKGROUND.

#### A. The Underlying Lawsuits.

On November 30, 1992, Deer Creek initiated a civil action in the Second Circuit Court, State of Hawaii, against the law firm of Jaress & Raffetto, as well as against two individual attorneys who had been with that firm (but who are not presently associated with that firm's successor[2]), and against others. Deer Creek

---

**1.** Defendant William R. Burt died on January 8, 2001. Jean P. Burt, as personal representative of the Estate of William R. Burt, was substituted as the proper defendant for William R. Burt by stipulation of the parties on March 27, 2001.

**2.** The law firm formerly known as Jaress & Raffetto is now known as Jaress & Leong.

alleged negligence, legal malpractice, and breach of fiduciary duty. Deer Creek commenced a second civil action in the First Circuit Court, State of Hawaii, against Jaress & Leong, Jaress & Raffetto, one of the attorneys who had been with Jaress and Raffetto, and others, on January 8, 1997. In the First Circuit case, Deer Creek asserted multiple claims against each of the defendants, including negligence, breach of fiduciary duty, and civil conspiracy. Jaress & Leong's professional liability insurance carrier, Continental Casualty Company ("Continental"), retained and provided defense counsel to represent Jaress & Leong in both the First and Second Circuit cases.

A settlement was ultimately reached among the individual attorneys, Continental, and Deer Creek in June 1999. The Settlement Agreement, signed by these parties, noted that four civil actions involving the parties were pending at the time the Settlement Agreement was executed. First, the Settlement Agreement recognized that the Bank of Hawaii had filed a civil action against one individual attorney, Deer Creek, and others, on May 7, 1992 ("Bank of Hawaii case"). According to the Settlement Agreement, Deer Creek had filed a cross-claim against the individual attorney in the Bank of Hawaii case on June 29, 1992. Second, the Settlement Agreement noted that Deer Creek had filed the First and Second Circuit cases against two individual attorneys, the law firm of Jaress & Leong, and others. Finally, according to the Settlement Agreement, Continental had filed a declaratory action against two individual attorneys,

Jaress & Leong, Jaress & Raffetto, Deer Creek, and others, on December 17, 1997 ("Continental case"). The Settlement Agreement stated that Continental sought a declaration of the parties' rights under Jaress & Leong's professional liability insurance policy, and a determination of whether Continental owed any obligations or duties to the two individual attorneys and Jaress & Leong in the First and Second Circuit cases.

The Settlement Agreement's stated purpose was to settle, discharge, and conclude all disputes between the parties to the Settlement Agreement, including the First and Second Circuit cases, the Bank of Hawaii case, and the Continental case. In consideration of the covenants and conditions contained in the Settlement Agreement, Continental agreed to pay $750,000 to Deer Creek on behalf of the two individual attorneys.

Section 2.1 of the Settlement Agreement noted that the First and Second Circuit cases and Deer Creek's cross-claim against an individual attorney in the Bank of Hawaii case would be dismissed with prejudice.[3] The Settlement Agreement also stated that Continental would dismiss both individual attorneys from the declaratory action with prejudice. According to the Settlement Agreement, Deer Creek reserved its right to pursue Jaress & Leong for attorney's fees and costs incurred by Deer Creek in the First and Second Circuit cases, the Bank of Hawaii case, the Continental case, or any other action brought by Deer Creek against Jaress & Leong, or vice versa.

---

**3.** Deer Creek's counsel submitted a declaration stating that Deer Creek had dismissed the First and Second Circuit cases with prejudice to effectuate the settlement. Counsel also stated that Continental's attorneys had insisted that the First and Second Circuit cases be dismissed with prejudice because Continental did not want to incur any further costs and fees in defending Jaress & Leong and did not want to expose the insured and Continental to greater liability. Regardless of whether Deer Creek may ultimately be able to establish these matters, the court disregards these particular assertions because, as presented, they are inadmissible hearsay.

Jaress & Leong was not a party to the settlement. In fact, Jaress & Leong refused to consent to the settlement and objected to Continental's use of Jaress & Leong's professional liability insurance policy to fund the settlement. Before the underlying lawsuits were dismissed with prejudice, Deer Creek was aware that: (1) Jaress & Leong opposed the settlement; (2) Jaress & Leong's Continental professional liability insurance policy required Jaress & Leong's consent to settle a matter; and (3) Jaress & Leong's policy did not cover Deer Creek's cross-claim against the individual attorney in the Bank of Hawaii case.

Unable to obtain all of the necessary signatures on a stipulation to dismiss the First and Second Circuit cases, Deer Creek moved to dismiss the cases with prejudice in December 1998. The First Circuit Court, State of Hawaii, granted Deer Creek's motion to dismiss the First Circuit case with prejudice on August 26, 1999. The Second Circuit Court, State of Hawaii, granted Deer Creek's motion to dismiss the Second Circuit case with prejudice on August 31, 1999. Both courts dismissed the cases with prejudice as to all defendants, subject to the rights of Jaress & Leong and Deer Creek to claim attorney's fees and costs from each other.

### B. *The Present Malicious Prosecution Action.*

The Complaint in the present case alleges that Deer Creek maliciously initiated the underlying First and Second ·Circuit cases in state court against Jaress & Leong without probable cause.[4] Deer Creek has moved for summary judgment,

arguing that malicious prosecution claims cannot proceed because the underlying civil actions were not terminated in favor of Jaress & Leong. The court denies Deer Creek's motion for summary judgment because there is a question of fact as to whether the underlying civil actions were terminated in favor of Jaress & Leong when the actions were voluntarily dismissed with prejudice.

### III. *STANDARD.*

Summary judgment shall be granted when:

> the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed.R.Civ.P. 56(c); *see also Addisu v. Fred Meyer, Inc.,* 198 F.3d 1130, 1134 (9th Cir.2000). One of the principal purposes of summary judgment is to identify and dispose of factually unsupported claims and defenses. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323–24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Summary judgment must be granted against a party that fails to demonstrate facts to establish what will be an essential element at trial. *See id.* at 323, 106 S.Ct. 2548. "A moving party without the ultimate burden of persuasion at trial—usually, but not always, a defendant—has both the initial burden of production and the ultimate burden of persuasion on a motion for summary judgment." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos.,* 210 F.3d 1099, 1102 (9th Cir.2000).

---

**4.** On April 24, 2001, Jaress & Leong filed a separate suit against Continental. In that suit, Jaress & Leong alleges that Continental used Jaress & Leong's professional liability insurance policy to fund the settlement of the underlying actions without Jaress & Leong's

consent. Jaress & Leong asserts multiple claims against Continental, including breach of contract, bad faith, breach of settlement agreement, interference, and misappropriation.

In order to carry the burden of production, the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial. *Id.* In order to carry the ultimate burden of persuasion on the motion, the moving party must persuade the court that there is no genuine issue of material fact. *Id.*

When a moving party fails to carry its initial burden of production, the nonmoving party has *no obligation to produce anything,* even if the nonmoving party would have the ultimate burden of persuasion at trial. *Id.* at 1102–03. If, however, a moving party carries its burden of production, the nonmoving party must produce evidence to support its claim or defense. *Id.* at 1103.

All evidence and inferences must be construed in the light most favorable to the nonmoving party. *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n,* 809 F.2d 626, 631 (9th Cir.1987). Inferences may be drawn from underlying facts not in dispute, as well as from disputed facts that the judge is required to resolve in favor of the nonmoving party. *Id.*

## IV. *ANALYSIS.*

### A. *There is a Question of Fact as to Whether the Underlying Civil Actions were Terminated in Favor of Jaress & Leong.*

■ Under Hawaii law, a plaintiff asserting a claim for malicious prosecution must establish three elements: (1) that the prior proceedings were terminated in the plaintiff's favor; (2) that the prior proceedings were initiated without probable cause; and (3) that the prior proceedings were initiated with malice. *Myers v. Cohen,* 67 Haw. 389, 391, 688 P.2d 1145, 1148 (1984)

(quoting *Brodie v. Hawaii Auto. Retail Gasoline Dealers Ass'n, Inc.,* 2 Haw.App. 316, 318, 631 P.2d 600, 602 (1981), *rev'd on other grounds,* 65 Haw. 598, 655 P.2d 863 (1982)).

■ On this motion, only the first element relating to whether the underlying lawsuits were terminated in favor of Jaress & Leong is at issue. A "plaintiff in a malicious prosecution suit has satisfied the first element if the termination was in his favor and in such a manner that it cannot be revived." *Wong v. Panis,* 7 Haw.App. 414, 419, 772 P.2d 695, 699 (1989) (quotation omitted). "The requirement is met when there has been an adjudication in the plaintiff's favor on the merits, or the termination reflects on the merits." *Id.*

■ In Hawaii, "[w]hether a withdrawal or an abandonment constitutes a final termination of the case in favor of the person against whom the proceedings are brought . . ., depends upon the circumstances under which the proceedings are withdrawn." *Id.* (quoting Restatement (Second) of Torts § 674 cmt. j (1977)). "A voluntary dismissal of a prior action without prejudice may be a favorable termination, depending on the circumstances." *Id.* However, a termination of a claim on a procedural ground, such as statute of limitations, does not constitute a favorable termination because it "does not reflect on the merits of the claim." *Id.* at 420, 772 P.2d at 699 (citing *Lackner v. LaCroix,* 25 Cal.3d 747, 159 Cal.Rptr. 693, 602 P.2d 393 (1979)).

### 1. *A Voluntary Dismissal With Prejudice Resulting from Settlement is not a Favorable Termination.*

■ Hawaii recognizes the general rule that a dismissal with prejudice "is an adjudication on the merits of all the issues that were raised or could have been raised in the pleadings." *Land v. Highway Constr. Co., Ltd.,* 64 Haw. 545, 551, 645 P.2d 295, 299 (1982). However, Hawaii

courts have not examined whether an exception to this general rule should apply in a malicious prosecution action based on the dismissal of the underlying action in connection with a settlement. In the absence of controlling state law, a "federal court sitting in diversity must use its own best judgment in predicting how the state's highest court would decide the case." *Takahashi v. Loomis Armored Car Serv.*, 625 F.2d 314, 316 (9th Cir.1980). "In so doing, a federal court may be aided by looking to well-reasoned decisions from other jurisdictions." *Id.*

It is a well-accepted exception to the general rule that a dismissal resulting from a settlement does not constitute a favorable termination for malicious prosecution purposes. *See, e.g., Cult Awareness Network v. Church of Scientology Int'l.*, 177 Ill.2d 267, 226 Ill.Dec. 604, 685 N.E.2d 1347, 1353 (1997) (holding that, "if the dismissal was merely a formal means of securing a negotiated settlement, it cannot serve as the basis for a malicious prosecution action"); *Cox v. Williams*, 233 Mich. App. 388, 593 N.W.2d 173, 175 (1999) ("Generally, courts have held that where termination results from a compromise or settlement or is brought about by an action of the accused as a courtesy or favor or by some act of the accused that pre-

vents the litigation, there is no favorable termination that will serve as a basis for a cause of action for malicious prosecution"); *Van v. Grand Casinos of Mississippi, Inc.*, 724 So.2d 889, 892 (Miss.1998) (noting that "a dismissal reached as a result of a voluntary settlement or compromise does not constitute a termination in favor of the accused"). These courts have recognized that the "theory underlying the requirement of favorable termination is that it tends to indicate the innocence of the accused." *Haight v. Handweiler*, 199 Cal. App.3d 85, 244 Cal.Rptr. 488, 489 (1988) (quotation omitted). When a case has been dismissed to effectuate a settlement, "the dismissal reflects ambiguously on the merits of the action as it results from the joint action of the parties, thus leaving open the question of defendant's guilt or innocence." *Id.* (quotation omitted). After all, the "purpose of a settlement is to avoid a determination on the merits." *Villa v. Cole*, 4 Cal.App.4th 1327, 6 Cal. Rptr.2d 644, 649 (1992).

■ This court concludes that Hawaii would likely adopt the exception discussed above. Under Hawaii law, it appears that a dismissal resulting from a settlement would not constitute a favorable termination because it would not reflect on the merits of a claim.[5] *See Wong*, 7 Haw.App.

---

**5.** Citing *Citibank, N.A. v. Data Lease Fin. Corp.*, 904 F.2d 1498, 1501 (11th Cir.1990), Jaress & Leong also argues that a voluntary dismissal with prejudice is automatically an adjudication on the merits under Haw. R. Civ. P. 41. Hawaii's Rule 41 is identical to the federal Rule 41, except for a different numbering system for subsections of the rule. In *Citibank*, the court found that a dismissal with prejudice of Citibank's alleged agent directors, pursuant to a settlement that expressly reserved rights against Citibank, operated as an adjudication on the merits that barred a subsequent lawsuit against Citibank under the doctrine of res judicata. *See id.* at 1501–02. The court concluded that a "dismissal with prejudice ... at any stage of a judicial pro-

ceeding, normally constitutes a final judgment on the merits which bars a later suit on the same cause of action." *See id.* (quotation omitted). The Hawaii Supreme Court, in different circumstances, has similarly recognized that a dismissal with prejudice is generally an adjudication on the merits and that "subsequent litigation involving the same claims would be barred by res judicata." *Land*, 64 Haw. at 551, 645 P.2d at 299. However, neither *Citibank* nor any published Hawaii appellate decision examines whether a dismissal with prejudice pursuant to a settlement constitutes a favorable termination for malicious prosecution purposes, as opposed to being a bar for res judicata purposes. As noted above, it is a well-accepted exception to

at 419, 772 P.2d at 699 (finding that the favorable termination requirement is met when "the termination reflects on the merits"). The court turns then to the issue of whether Deer Creek's dismissal of the underlying actions against Jaress & Leong resulted from a settlement.

2. *There is a Question of Fact as to Whether Termination of the Underlying Actions Resulted from Settlement.*

Jaress & Leong argues that it was not dismissed from the underlying actions as a result of a settlement because the underlying lawsuits were settled over its protest and objections, and it was not a party to any settlement. This argument requires this court to examine matters of law as well as matters of fact. Hawaii courts have not addressed the question of whether the dismissal with prejudice of the underlying action against an objecting defendant, pursuant to a settlement with the other defendants in the underlying litigation, constitutes a favorable termination for malicious prosecution purposes. This court must once again use its best judgment to predict how the Hawaii Supreme Court would decide this issue of law. *See Takahashi*, 625 F.2d at 316.

Jaress & Leong urges the court to conclude that Hawaii would adopt the Supreme Court of Oklahoma's holding in *Young v. First State Bank, Watonga*, 628 P.2d 707, 709–10 (Okla.1981). *Young* held that, under Oklahoma law, a settlement by one defendant does not bar other defendants who did not participate in the settlement from bringing a malicious prosecution action. The underlying action in *Young* had been brought by First State

Bank of Watonga ("Bank") to collect on three promissory notes, and to foreclose a mortgage and a security interest in collateral securing them. *See id.* at 709. Two of the notes had been executed by Ray Gerber ("Gerber") as president for Watonga Livestock Auction, Inc. ("Auction"), and one note had been executed by Gerber personally. *See id.* Tommy Young had signed the mortgage as Auction's secretary, although he had not signed any of the notes. *See id.* The Bank had sued Gerber, Auction, and Young in the foreclosure action. *See id.* Ultimately, the Bank received payment in full on the notes from Gerber and dismissed the foreclosure action with prejudice. *See id.*

Young then brought a malicious prosecution action against the Bank. *See id.* The case went to trial, and the jury returned a verdict for Young of $47,000 against the Bank. *See id.* The Bank appealed the verdict, arguing that Young had failed to establish that the underlying foreclosure action had been terminated in his favor. *See id.*

On appeal, the Supreme Court of Oklahoma first noted the well-settled rule that a dismissal pursuant to a settlement is not a favorable termination. *See id.* The *Young* court recognized two possible justifications for the rule that a malicious prosecution action is barred after a settlement: either the settlement constitutes an admission that probable cause existed to initiate the underlying action, or "it would be unfair to allow a person to consent to a termination and then take advantage of it." *Id.* at 710. The court reasoned, however, that a defendant who is not a party to a settlement has neither admitted anything

the general rule that a dismissal resulting from a settlement does not constitute a favorable termination for malicious prosecution purposes. Even if a voluntary dismissal with prejudice is an adjudication on the merits

under Rule 41 for certain purposes, those purposes do not include a malicious prosecution action based on the dismissal of an underlying action resulting from a settlement.

nor consented to termination. *See id.* The court therefore held that the reasons justifying application of the bar do not justify barring a defendant who has not procured, consented to, or participated in the settlement of the underlying action. *See id.* The court concluded that Young had met the favorable termination requirement because he had not consented to the settlement that led to dismissal with prejudice of the underlying action against him. *See id.*

Deer Creek urges this court not to follow Oklahoma but instead to apply California's approach on this issue. Under California law, if an underlying action is dismissed against a nonconsenting defendant because it was a necessary condition of settlement with the other defendants in the underlying litigation, the dismissal with prejudice does not reflect on the substantive merits of the case and is therefore not a favorable termination for malicious prosecution purposes. *See Haight,* 244 Cal.Rptr. at 490 (holding that a dismissal of a defendant who did not agree to settlement is not a favorable termination if dismissal of that defendant was a condition of settlement). The California courts have reasoned that the dismissal of an objecting defendant from a case does not reflect on the underlying merits of the claim against that defendant if the dismissal was a condition of settlement with the other defendants in the underlying litigation. *See id.; see also Villa,* 6 Cal. Rptr.2d at 649 (finding that "even where a defendant does not agree to a settlement made on his behalf, his or her dismissal from the lawsuit pursuant to that settlement will not be viewed as a favorable termination as long as it was a necessary condition to settlement"). "Such a dismissal is not considered unilateral because it was required by the terms of a settlement agreement, and it will act as a bar to a later malicious prosecution action by the nonsettling defendant." *Id.*

The California courts have also noted that this rule comports with the "well-established public policy ... that settlements of litigation are favored and should be encouraged." *Id.* at 651. The *Villa* court noted that settlements would actually be discouraged by a rule stating that a dismissal with prejudice of a nonconsenting defendant was a favorable termination even if the dismissal was a condition of settlement with the other defendants. *Id.* The California courts have recognized that the public policy favoring settlements "would be ill-served by a rule which would virtually compel the plaintiff to continue his litigation in order to place himself in the best posture for defense of a malicious prosecution action." *Id.* (citing *Oprian v. Goldrich, Kest & Assoc.,* 220 Cal.App.3d 337, 269 Cal.Rptr. 429, 433 (1990)).

■ This court concludes that the Hawaii Supreme Court would likely follow the California reasoning. *See Wailua Assoc. v. Aetna Cas. & Sur. Co.,* 183 F.R.D. 550, 563–64 (D.Haw.1998) (recognizing that the "Hawaii Supreme Court has, in the past, looked to California for guidance" on tort law); *see also Allstate Ins. Co. v. Kim,* 121 F.Supp.2d 1301, 1307 n. 3 (D.Haw.2000) (noting that the "Hawaii Supreme Court has frequently followed California Courts in rendering opinions" on certain matters). This court concludes that, under Hawaii law, if an underlying action is dismissed against a nonconsenting defendant because it was a necessary condition of settlement with the other defendants in the underlying litigation, the dismissal with prejudice is not a dismissal on the substantive merits of the case and is therefore not a termination in favor of the nonconsenting defendant for malicious prosecution purposes. *See Villa,* 6 Cal.Rptr.2d at 649 (finding that "even where a defendant does not agree to a settlement made on his behalf, his or her dismissal from the lawsuit pur-

suant to that settlement will not be viewed as a favorable termination as long as it was a necessary condition to settlement"); *Haight*, 244 Cal.Rptr. at 490 (holding that a dismissal of a defendant who did not agree to settlement is not a favorable termination if dismissal of that defendant was a condition of settlement).

This rule comports with Hawaii's public policy of favoring "the resolution of controversies through compromise or settlement rather than by litigation." *Sylvester v. Animal Emergency Clinic of Oahu*, 72 Haw. 560, 566, 825 P.2d 1053, 1056 (1992). "Such alternative to court litigation not only brings finality to the uncertainties of the parties, but is consistent with [the Supreme Court of Hawaii's] policy to foster amicable, efficient, and inexpensive resolutions of disputes." *Id.* at 566, 825 P.2d at 1056–57. "In turn, it is advantageous to judicial administration and thus to government and citizens as a whole." *Id.* at 566, 825 P.2d at 1057. The Oklahoma approach outlined in *Young*, by contrast, runs counter to Hawaii's public policy of favoring settlement.[6]

■ Having determined the appropriate rule, the court applies the rule to the facts before it. The court finds that Deer Creek has not met its burden of establishing that the dismissal of Jaress & Leong with prejudice was the result of a settlement. "The

determination of the reasons underlying dismissal is a question of fact." *Haight*, 244 Cal.Rptr. at 490; *see also Frey v. Stoneman*, 150 Ariz. 106, 722 P.2d 274, 279 (1986) (holding that "[s]hould a conflict arise as to the circumstances explaining the [dismissal], the trier of fact must exercise its traditional role in deciding the conflict"). There is no admissible evidence in the record indicating that Deer Creek was required to dismiss Jaress & Leong with prejudice from the underlying civil actions to effectuate the settlement. Counsel for Deer Creek merely asserts that Deer Creek dismissed the First and Second Circuit cases with prejudice to effectuate the settlement. Counsel also attests that Continental's attorneys insisted that the First and Second Circuit cases be dismissed with prejudice because Continental did not want to incur any further costs and fees in defending Jaress & Leong and did not want to expose the insured and Continental to greater liability. As noted above, however, these assertions constitute inadmissible hearsay and are therefore not considered here. *See* Fed.R.Civ.P. 56(e) ("Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is com-

---

**6.** The court's ruling is limited to the malicious prosecution context. Nothing in this ruling is intended to address the rights and remedies a party may have under statutes, a contract, or court rules. The court recognizes that Hawaii has other public policies that may affect the issue of whether a litigant should or should not be penalized for dismissing claims against an objecting defendant as part of a settlement with other defendants. This court's ruling does not address the issue of whether a voluntarily dismissed party is a "prevailing party" entitled to statutory attorney's fees and/or to costs in the underlying action or whether sanctions are appropriately awarded in the underlying action under Ha-

waii's court rules governing bad faith filings. Matters such as those are normally addressed in an underlying action and raise considerations beyond those presented in this malicious prosecution action. The present ruling is expressly limited to the narrow context of analyzing the favorable termination requirement in a malicious prosecution action.

The parties in this case appear to recognize the distinction noted here, as they expressly reserved, in the underlying actions, claims for fees and costs, but are now litigating this favorable termination issue without reference to that reservation or the "prevailing party" analysis that would apply to that reservation.

petent to testify to the matters stated therein").

Although section 2.1 of the Settlement Agreement noted that the First and Second Circuit cases would be dismissed with prejudice, it is unclear whether the dismissal of Jaress & Leong was a condition of settlement. This language may have been added to the Settlement Agreement simply because Deer Creek unilaterally decided to dismiss all defendants in the First and Second Circuit cases, including Jaress & Leong. Accordingly, there is a question of fact as to whether the dismissal of Jaress & Leong resulted from settlement of the underlying actions or from Deer Creek's assessment of its actions against Jaress & Leong as unlikely to be successful.

B. *Jaress & Leong's Request for a Continuance under Rule 56(f) is Moot.*

Rule 56(f) provides:

Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Fed.R.Civ.P. 56(f). Jaress & Leong seeks to continue Deer Creek's motion for summary judgment because it has not yet discovered: (1) why Continental accepted the defense of Deer Creek's cross-claim against an individual attorney in the Bank of Hawaii case; (2) why Continental used Jaress & Leong's insurance policy to settle this cross-claim; and (3) whether Continental properly reserved its rights in defending the First and Second Circuit cases, the Continental case, and the Bank of Hawaii Case. These facts may be irrelevant to the issue of whether the dismissal of Jaress & Leong resulted from settlement of the underlying actions. In any event, Jaress & Leong's request for a continuance under Rule 56(f) is moot because the court has denied Deer Creek's motion for summary judgment. Accordingly, Jaress & Leong's motion for a continuance pursuant to Fed.R.Civ.P. 56(f) is denied.

V. *CONCLUSION.*

The court denies Deer Creek's motion for summary judgment because there is a question of fact, on the present record, as to whether the underlying civil actions were terminated in favor of Jaress & Leong when they were voluntarily dismissed with prejudice. Deer Creek may raise the issue on a fuller record.

Jaress & Leong's motion for a continuance pursuant to Fed.R.Civ.P. 56(f) is denied as moot.

IT IS SO ORDERED.