TIMOTHY MOOERS, in equity, *vs.* KENNEBEC & PORTLAND RAILROAD COMPANY & others.

The court of county commissioners is not a court of record within the meaning of R. S. of 1857, c. 81, § 92 (R. S., c. 81, § 79).

To a judgment of county commissioners, fixing the damages for real estate taken for the location of a railroad, the statute of limitations is a bar after six years.

To a bill in equity brought under R. S., c. 51, § 10, "praying for an injunction against the use and occupation of" the complainant's land taken for the location of a railroad, the objection that the damages were fixed by the county commissioners, more than six years before the filing of the bill, may be taken as a defense by demurrer.

A bill "praying for an injunction against the use and occupation of" the complainant's land taken for the location of a railroad, must allege a specific demand, on a day certain, more than thirty days before the filing of the bill, or it will be bad on demurrer.

BILL IN EQUITY, heard on demurrer.

The bill alleged, substantially, that the Kennebec & Portland Railroad Company was duly incorporated and authorized to construct a railroad from Augusta to Portland, in 1849; that they took a parcel of the complainant's real estate described; that for the land taken, the county commissioners, upon due proceedings, awarded

him his damages; that being dissatisfied with the award and determination of the county commissioners, a jury, upon proper proceedings, rendered a verdict, on Sept. 3, 1849, for him for $168 for said damages, which was duly returned, accepted, and recorded at the December term, 1852, and judgment was rendered thereon; that the said sum of $168, with interest from Sept. 3, 1852, amounting to $329.28, is actually due him for his said damages, with costs; that the Portland & Kennebec Railroad Company are in occupation of said railroad, claiming title thereto, and in receipt of the rent, income, and profits; that they took their title, with notice of the trusts and liabilities imposed upon the Kennebec & Portland Railroad Company, and subject to all their liabilities for damages for land taken and now used by the Portland & Kennebec Railroad Company, and with notice of the complainant's claim for damages; that they became liable to pay him the amount so found due, for his damages, with interest; "that though often requested, and demanded more than thirty days prior to the filing of this bill, the Kennebec & Portland, and Portland & Kennebec Railroad Companies have neglected and still neglect to pay;" and because the damages so found have not been paid or secured to him, as by law required, the complainant prayed for an injunction, etc., until such damages, interests, and costs shall be paid.

The bill was signed, sworn to, served, returned, and filed Sept. 21, 1868, and continued without prejudice till Sept. 21, 1869, when the respondents filed a demurrer, showing for cause that the complainant's claim, as set out in the bill, was barred by the statute of limitations; and the demurrer was joined.

*A. G. Stinchfield,* for the complainant, contended that nothing less than twenty years' adverse possession can give the right to use and occupation of the land taken, without paying the damages, the suit not being an action on a judgment, but a bill to enjoin.

The defense of statute of limitations cannot be taken by demurrer, without answer denying all the facts and circumstances which might avoid the statute. *Goodrich* v. *Pendleton,* 3 J. C. R. 384.

*Bradbury & Bradbury,* for the respondents.

KENT, J. The plaintiff, in his bill, prays for an injunction against the defendant corporation and its servants and agents, under and by virtue of the provisions in § 9 of c. 51, R. S. He states, in substance, that he obtained a judgment in the court of county commissioners, of this county, in December, 1852, for his damages for land taken by the railroad, and that it has never been paid. The defendants demur and for cause allege, that the claim, as it is set forth in the bill, is barred by the statute of limitations. This bill was filed in 1868.

By § 92, c. 81, R. S., "all actions upon judgments of any court, not a court of record, except municipal and police courts, and justices of the peace in this State, shall be commenced within six years after the cause of action accrues, and not afterwards."

The court of county commissioners is not a court of record, within this statute. *Woodman* v. *Inhabitants of Somerset*, 37 Maine, 29.

The claim, therefore, was not one that could be enforced by law, when this bill was filed. The 9th section on which the complaint is founded, provides that "when the damages remain unpaid for more than thirty days after they are due and demanded, a bill in equity may be filed, by the person entitled to them, praying for an injunction against the use or occupation of his land taken."

The first point to be established is, that damages are due and unpaid. There must be an existing right to demand payment, and, if not complied with, a right to enforce the claim. A claim, whether in judgment or otherwise, cannot be said to be existing, within the meaning of this statute, when it is barred by the statute of limitations. If the plaintiff could not recover, on a suit on his claim, he cannot have this summary remedy by injunction. His legal right to the payment of damages, and to enforce that right at law, must be shown before this extraordinary power will be interposed to prevent the railroad from passing over, on their track, the land that has been so used for more than twenty years.

When the bill states a case within the statute of limitations at law, the objection may be taken, as a defense, by demurrer. If

the plaintiff be within any exception of the statute, he should state it in his bill.   Story Eq. Pl., §§ 484, 751.

There is another objection as the bill stands, as amended in the copy before us.   The statute requires, § 9, that the damages must remain unpaid for more than thirty days after they are due and demanded.   A regular and formal demand on the company must be shown.   It is not enough to make the usual and general allegation, as in a writ, that, though often requested, etc.   A specific demand, on a day certain, more than thirty days before filing the bill, must be stated, or the bill will be bad on demurrer.

*Demurrer sustained.*

*Bill dismissed with costs.*

APPLETON, C. J.; CUTTING, DICKERSON, and BARROWS, JJ., concurred.