1999 ME 22

**PALMER DEVELOPMENT CORPORATION**

v.

**Stephen F. GORDON et al.**

Supreme Judicial Court of Maine.

Argued Jan. 6, 1999.

Decided Feb. 1, 1999.

**882**

Stephen B. Wade (orally), James E. Belleau, Skelton, Taintor & Abbott, P.A., Auburn, for plaintiff.

Jeffrey T. Edwards (orally), Preti, Flaherty, Beliveau & Pachios, LLC, Portland, (for Ronald Caron and Caron & Sullivan), Christopher T. Taintor (orally), Theodore H. Kirchner, Norman, Hanson & DeTroy, LLC, Portland, (for Stephen Gordon, Peter Haley, and Gordon & Wise), Bernard J. Kubetz, Eaton, Peabody, Bradford & Veague, P.A., Bangor, (for Penobscot Indian Nation), for defendants.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, SAUFLEY, ALEXANDER, and CALKINS, JJ.

CALKINS, J.

[¶ 1] Palmer Development Corporation appeals from the judgment of the Superior Court (York County, *Fritzsche, J.*) granting a motion to dismiss its claim for wrongful use of civil proceedings on the grounds that a successful statute of limitations defense is not a favorable termination. We affirm the judgment.

[¶ 2] Penobscot Indian Nation (PIN), originally a defendant in this action, brought a suit in federal court against several entities, including Palmer Development. One of the claims PIN brought against Palmer Development was a civil violation of the Racketeer Influenced and Corrupt Organizations Act (RICO). The federal district court granted summary judgment in favor of Palmer Development because PIN's RICO claim was barred by a four-year statute of limitations. *Penobscot Indian Nation v. Key Bank of Me.,* 906 F.Supp. 13, 21 (D.Me.1995).[1]

[¶ 3] Palmer Development then filed a one-count complaint in the Superior Court for malicious prosecution against PIN and five attorneys and law firms who represented PIN in the federal court suit.[2] Palmer Development alleged that PIN and their lawyers and law firms (referred to collectively as the lawyer defendants) had no reasonable grounds to believe Palmer Development engaged in activities that would support a RICO claim and that it was filed maliciously and without probable cause. Palmer Development and PIN settled, but the wrongful use of civil proceedings claim remained against the lawyer defendants. The lawyer defendants filed a motion pursuant to M.R. Civ. P. 12(b)(6) to dismiss for failure to state a claim. They successfully argued to the

---

1. After all of the claims and counterclaims were resolved by trial or summary judgment, PIN and several other defendants appealed. *Penobscot Indian Nation v. Key Bank of Me.,* 112 F.3d 538 (1st Cir.), *cert. denied,* —— U.S. ——, 118 S.Ct. 297, 139 L.Ed.2d 229 (1997). PIN did not pursue an appeal of the summary judgment in favor of Palmer Development on the RICO claim. *Penobscot Indian Nation,* 112 F.3d at 544 n. 7.

2. After the complaint was filed, in *Pepperell Trust Co. v. Mountain Heir Fin. Corp.,* 1998 ME 46, ¶ 1, 708 A.2d 651, 653 (Me.1998), we made it clear that the tort of malicious prosecution applies to criminal prosecutions whereas the tort of wrongful use of civil proceedings refers to civil actions brought maliciously.

Superior Court that favorable termination is an element of the tort of wrongful use of civil proceedings and that the RICO action was not terminated favorably to Palmer Development.

[¶ 4] In *Pepperell Trust Co. v. Mountain Heir Fin. Corp.*, 1998 ME 46, ¶ 15, 708 A.2d 651, 656, we adopted the Restatement definition of the tort of wrongful use of civil proceedings. The tort exists where:

> (1) one initiates, continues, or procures civil proceedings without probable cause, (2) with a primary purpose other than that of securing the proper adjudication of the claim upon which the proceedings are based, and (3) the proceedings have terminated in favor of the person against whom they are brought.

*Id.* (citing RESTATEMENT (SECOND) OF TORTS § 674 (1977)). The third element of the tort, favorable termination, is an "essential element of the claim." *Id.* ¶ 16, 708 A.2d at 656. What constitutes a favorable termination is a question of law. *See id.* The issue of whether a party can maintain an action for wrongful use of civil proceedings after a successful statute of limitations defense in the underlying action is a question of first impression in Maine. *See id.* (declining to consider the circumstances in which a dismissal would qualify as a favorable termination).

[¶ 5] The leading case on whether a successful statute of limitations defense qualifies as a favorable termination is *Lackner v. LaCroix*, 25 Cal.3d 747, 159 Cal.Rptr. 693, 602 P.2d 393 (1979). *Lackner* set the standard that termination of an action on statute of limitations grounds does not reflect on the merits of the underlying claim and cannot be the basis of a favorable termination in an action for malicious prosecution. *Id.* at 395. The California Supreme Court noted that, as with other purely procedural defenses, such as lack of personal jurisdiction, a statute of limitations defense is waived unless timely raised. *Id.* It concluded that a statute of limitations defense is merely procedural or technical in nature, and is "in no way dependent on nor reflective of the merits . . . in the underlying action." *Id.* For this reason, the

court held it cannot qualify as a favorable termination.

[¶ 6] The *Lackner* court also found substantial policy reasons supporting its decision. It noted that the justification for a statute of limitations is to prevent stale claims when, due to the passage of time, evidence is hard to obtain and memories are dim. *Id.* A plaintiff in a suit for wrongful use of civil proceedings, however, must show a lack of probable cause, an element that necessarily involves consideration of these same stale issues. *Id.* 395–96. "Certainly if policy considerations preclude litigation of such issues in the underlying action, the same considerations also preclude it in the malicious prosecution action." *Id.* at 396. This justification is further supported, the court noted, by the general rule that a statute of limitations defense can be used as a shield, but not as a sword. *Id.*

[¶ 7] The rule in *Lackner* that termination on statute of limitations grounds is not favorable has been adopted by a majority of courts that have addressed the issue. In *Miskew v. Hess*, 21 Kan.App.2d 927, 910 P.2d 223, 233 (Kan.Ct.App.1996), the court noted that the general rule is that a termination of the underlying action on statute of limitations grounds is not a favorable termination. After reflecting on the rationale, surveying a number of jurisdictions and reviewing secondary authorities, the *Miskew* court adopted the general rule. *Id.* Other jurisdictions that have held or stated in dicta that a termination on statute of limitations grounds is not a favorable termination include: *Frey v. Stoneman*, 150 Ariz. 106, 722 P.2d 274, 278 (Ariz.1986); *Brown v. Carr*, 503 A.2d 1241, 1246 (D.C.1986); *Union Oil of Cal., Amsco Div. v. Watson*, 468 So.2d 349, 354 (Fla.Dist. Ct.App.1985); *Wong v. Panis*, 7 Haw.App. 414, 772 P.2d 695, 699 (Haw.Ct.App.1989); *Alcorn v. Gordon*, 762 S.W.2d 809, 812 (Ky. Ct.App.1988); *Foshee v. Southern Fin. & Thrift Corp.*, 967 S.W.2d 817, 820 (Tenn.Ct. App.1997). A minority of courts have held that a successful statute of limitations defense is a favorable termination. *See Sacco v. High Country Indep. Press, Inc.*, 271 Mont. 209, 896 P.2d 411, 432 (1995); *Parks v. Wil-*

*lis,* 121 Or.App. 72, 853 P.2d 1336, 1338 (Or. Ct.App.1993).[3]

■ [¶ 8] Palmer Development relies on comment j to the RESTATEMENT (SECOND) OF TORTS § 674 to argue that a victory on statute of limitations grounds is a favorable termination. Comment j states:

Civil proceedings may be terminated in favor of the person against whom they are brought ... by (1) the favorable adjudication of the claim by a competent tribunal, or (2) the withdrawal of the proceedings by the person bringing them, or (3) the dismissal of the proceedings because of his failure to prosecute them. Favorable adjudication may be by a judgment rendered by a court after trial or upon demurrer or its equivalent.

RESTATEMENT (SECOND) OF TORTS § 674 cmt. j.

[¶ 9] Palmer Development points out that demurrers were similar to a statute of limitations defense in some circumstances because they were available to challenge technical defects on the face of the complaint unrelated to the merits of the underlying action. *See Mooers v. Kennebec & Portland R.R. Co.,* 58 Me. 279, 281 (1870). It also refers to the other examples in the comment, such as a dismissal for failure to prosecute and voluntary withdrawal, which similarly are not determinations made on the merits of the underlying facts.

[¶ 10] We reject Palmer Development's argument. The tort of wrongful use of civil proceedings has its origin in the tort of malicious prosecution in which a plaintiff can recover damages against a defendant who initiates a criminal prosecution against the innocent plaintiff without probable cause and for an improper purpose. "Malicious prosecution is a remedy for wrongs done to innocent persons, not a means to afford the guilty a bonus for a failure of justice." *Gedratis v. Carroll,* 247 Mich. 141, 145, 225 N.W. 625,

626 (1929). To insure that the guilty person is not awarded a bonus there is a requirement in the malicious prosecution action that the proceeding has terminated favorably to the plaintiff, and that the favorable termination be on the merits, or at least reflect on the merits, of the action. *See Bickford v. Lantay,* 394 A.2d 281, 283–84 (Me.1978). This requirement carries over to the wrongful use of civil proceedings for the same reason. Society does not want litigants who committed the acts of which they are accused, but who were able to escape liability on a "technicality" or procedural device, to turn around and collect damages against their accuser. This reason justifies a requirement that the favorable termination of the underlying proceeding be on the merits or, in some way, reflect on the merits.

[¶ 11] A successful statute of limitations defense does not reflect on the merits of an action. Statutes of limitations demonstrate a societal choice that actions must be brought within a certain time period because the information about the substance of the action grows stale with fading memories and because of the need to protect people from potential liability on remote claims. *See Williams v. Ford Motor Co.,* 342 A.2d 712, 713 (Me.1975). Palmer Development took advantage of the statute of limitations defense, and, in essence, it contended that the RICO claims were too stale to be recognized. By bringing the wrongful use of civil proceedings suit, Palmer Development now wants to bring forward facts that it earlier claimed were too old to be meritorious. We are unwilling to let Palmer Development reap the benefit of the statute of limitations defense and then utilize the stale facts in an affirmative action.

[¶ 12] Palmer Development also argues that people will be encouraged to file vexatious lawsuits knowing that a statute of limitations has expired because there is no threat

3. Other jurisdictions refuse to follow the substantive/procedural distinction drawn by the *Lackner* line of cases, *see Hammond Lead Prod., Inc. v. American Cyanamid Co.,* 570 F.2d 668, 673 (7th Cir.1977) (applying New Jersey law and holding that dismissal for lack of venue satisfied the favorable termination requirement), or reject any inquiry into whether a termination not on the merits was based on substantive or procedural grounds. *See DeLaurentis v. City of New Haven,* 220 Conn. 225, 597 A.2d 807, 820 (Conn.1991) (stating that termination need not indicate innocence or lack of liability); *Christian v. Lapidus,* 833 S.W.2d 71, 74 (Tenn.1992) (rejecting distinction between terminations on procedural and substantive grounds).

that a retaliatory suit for wrongful use of civil proceedings will be filed. This concern, however, can be addressed by attorney sanctions. *See Miskew,* 910 P.2d at 233. Rule 11 of the Maine Rules of Civil Procedure requires that all pleadings must be signed certifying "that to the best of the signer's knowledge, information, and belief there is good ground to support it." *Pepperell Trust,* 1998 ME 46, ¶ 10, 708 A.2d at 654 (quoting M.R. Civ. P. 11). Where no good ground exists to support the pleading, Rule 11 allows the court to impose an appropriate sanction. *See* M.R. Civ. P. 11. Thus, the remedy of attorney sanctions exists to deal with the vexatious suit that is terminated on statute of limitations grounds. Because a remedy exists, we are persuaded that a policy of finally ending the litigation has more benefit than a policy of permitting still another court action in an attempt to compensate a successful litigant in a wrongful suit. There is no more obvious hallmark of a litigious society than the encouragement of lawsuits about lawsuits. We hold that the termination of a lawsuit on statute of limitations grounds is not a favorable termination that will support an action for wrongful use of civil proceedings.

The entry is

Judgment affirmed.

RUDMAN, J., with whom ALEXANDER, J., joins, dissenting.

[¶ 13] I respectfully dissent. In *Pepperell Trust Co. v. Mountain Heir Fin. Corp.,* 1998 ME 46, ¶ 15, 708 A.2d 651, 656, we defined the tort of wrongful use of civil proceedings to exist when

(1) one initiates, continues, or procures civil proceedings without probable cause, (2) with a primary purpose other than that of securing the proper adjudication of the claim upon which the proceedings are based, and (3) the proceedings have terminated in favor of the person against whom they are brought.

[¶ 14] The instant proceedings concern not the Penobscot Indian Nation, the plaintiff in the original proceedings, but the lawyers who represented the tribe. In its complaint, Palmer Development alleged that the original lawsuit was maliciously brought by the lawyer defendants without probable cause to believe the claim was meritorious. If indeed the lawyers knowingly brought a cause of action barred by the statute of limitations with a primary purpose other than that of securing proper adjudication of the claim, they have committed the tort of wrongful use of civil proceedings as we have defined it.

[¶ 15] The court suggests that the wrong complained of can be addressed by attorney sanctions. I suggest that Rule 11 of M.R. Civ. P. has proven itself to be ineffective in holding attorneys responsible for the prosecution of baseless claims. First, to the extent the case has been dismissed, one questions whether a court would then entertain a Rule 11 motion, and secondly, both the Bar and the courts have been hesitant in both seeking and applying Rule 11 sanctions. At a time when we seek to encourage civility among lawyers, we ought not be suggesting that a Rule 11 motion be included with all affirmative defenses.

[¶ 16] I see no need to limit the third prong of the definition of the tort of wrongful use of civil proceedings to require the original suit be disposed of on its merits when the suit seeking recovery is brought against lawyers who maliciously press civil violations of the Racketeer Influenced and Corrupt Organizations Act at a time when it was allegedly known to them that the actions were barred by the applicable statute of limitations.

[¶ 17] I would allow Palmer Development to attempt to establish as fact their allegations that the lawyer defendants brought an action on behalf of the Penobscot Indian Nation with a primary purpose other than that of receiving the proper adjudication of that claim. I would vacate the trial court's dismissal of Palmer Development's complaint under M.R. Civ. P. 12(b).