STATE OF MAINE                                           SUPERIOR COURT
CUMBERLAND, ss.                                          CIVIL ACTION
                                                         Docket No. CV-05-580



DAVRIC MAINE CORP.,

    Plaintiff,

v.                                                       ORDER

SHAWN A. SCOTT, et al.,

    Defendants.


Before the court is a motion by defendants Shawn Scott and Capital Seven LLC

to dismiss Counts I and III through IX of the complaint filed by plaintiff Davric Maine

Corporation.

At the same time as they filed their motion to dismiss, Scott and Capital Seven

filed an answer to the complaint. Davric opposed the motion to dismiss and at the

same time filed a motion for leave to file what Davric describes as a "clarified"

complaint. Scott and Capital Seven have not opposed Davric's motion for leave to

amend the complaint and instead argue that their motion to dismiss applies equally to

the complaint as clarified. See Defendants' Reply in Support of Motion to Dismiss

dated March 1, 2006, at 1-2.

Davric's motion for leave to file a "clarified" complaint is therefore granted

without opposition and the complaint as amended on January 6, 2006 is therefore the

operative pleading for purposes of the instant motion and for all further proceedings.[1]

On a motion to dismiss, the material allegations of the complaint must be taken

as admitted. The complaint must be read in the light most favorable to the plaintiff to

---

[1] Defendants shall file an amended answer to plaintiff's January 6, 2006 complaint within 10 days of the
filing of this order.

determine if it sets forth elements of a cause of action or alleges facts that would entitle plaintiff to relief pursuant to some legal theory. A claim shall only be dismissed when it appears beyond a doubt that a plaintiff is not entitled to relief under any set of facts that it might prove in support of its claim. In re Wage Payment Litigation, 2000 ME 162 ¶ 3, 756 A.2d 217, 220.

1. <u>Counts I and III – Breach of Contract</u>

Counts I and III of Davric's complaint allege that defendants breached sections 2.3 and 3.1(e) of the so-called Industry Agreement. E.g. Complaint ¶¶ 20-21, 71. Thus, contrary to defendants' arguments, Davric is not relying upon an implied obligation of good faith and fair dealing. There may be issues as to the meaning of contractual obligations "to work to develop appropriate changes to ensure that gaming machines will be associated with Scarborough Downs" and "to support all applications filed by Davric," but those issues cannot be resolved in the context of a motion to dismiss.

In their reply memorandum, defendants argue that only Capital Seven was a signatory to the Industry Agreement, and that Capital Seven is not alleged to have engaged in the alleged breaches. First, this argument was not presented in defendants' original memorandum, so it would not be an appropriate basis for dismissal even if it were otherwise correct. Second, the complaint sufficiently alleges that Capital Seven is an alter ego of defendant Scott and also alleges that actions to frustrate Davric's attempts to secure local approvals were taken by undisclosed agents acting on behalf of Capital Seven and Scott. Defendants' motion to dismiss is denied as to Counts I and III.

2

2.  Count IV – Wrongful Use of Civil Proceedings

Defendants argue that under Maine law, the dismissal of an action without a determination on the merits cannot support a claim for wrongful use of civil proceedings. There is authority to effect that a dismissal on procedural grounds does not necessarily constitute a favorable termination for purposes of a subsequent wrongful use of civil proceedings action. See Palmer Development Corp. v. Gordon, 1999 ME 22 ¶¶ 10-11, 723 A.2d 881, 884. However, both the Restatement (Second) of Torts § 674, comment j and the Law Court in Pepperell Trust Co. v. Mountain Heir Financial Corp., 1998 ME 46 ¶ 16, 708 A.2d 651, 656, state that a favorable termination may consist of the withdrawal of a claim by the party who filed suit.

Count IV is sufficient to survive a motion to dismiss.


3.  Count V – Defamation

Davric's claims of defamation are based on allegedly false statements made by alleged agents of defendants concerning Penn National and Peter Carlino, Penn National's CEO. The complaint alleges that Davric entered into a development agreement with Penn National in the fall of 2003 to open a commercial racetrack with gaming machines, Complaint ¶ 29, and that defendants engaged, *inter alia*, in a campaign of defamation to prevent such a racetrack. Id. ¶¶ 38-40, 45-57, 62-63, 94. The problem with this claim is that an action for defamation "is personal to the plaintiff and cannot be founded on defamation of another." Prosser and Keaton, Torts § 111 at 778 n. 48 (5th ed. 1984). Indeed, one of the requisites of an action for defamation is that the defamatory statement be "of and concerning the plaintiff." Lester v. Powers, 596 A.2d 65, 69 (Me. 1991) (emphasis added).

3

In the court's view, what is alleged here is that (1) defendants' agents made defamatory statements about Penn National and Carlino and (2) the agents simultaneously stated that Davric was associated with Penn National and Carlino. This does not convert the statements in question into statements that defamed Davric. Davric cannot pursue claims of defamation based on statements made about Penn National and Carlino.

The complaint also alleges, without specifics, that defendants distributed false and misleading information, "including personal information about Davric and its president, Sharon Terry" to city counselors in Saco and Westbrook. Complaint ¶ 38. See also id. ¶ 93 (allegation that defendants caused various statements to be made concerning Davric and its officers). However, it is not sufficient to allege that unspecified defamatory statements were made. If Davric is claiming actual defamatory statements were made about Davric (as opposed to Penn National), the defendants are entitled to sufficient notice of the contents of any those statements so as to be able to determine whether defenses such as truth and privilege should be raised. See Lester v. Powers, 596 A.2d at 68 n.4; Picard v. Brennan, 307 A.2d 833, 834-35 (Me. 1973).

Given that Davric has already had an opportunity to amend its complaint and has not provided any specifics as to alleged defamatory statements about Davric itself, Count V of the complaint shall be dismissed.

4.      Count VI – Unjust Enrichment

Davric's unjust enrichment claim is somewhat problematic. The elements of a claim for unjust enrichment are that (1) the plaintiff conferred a benefit on defendants; (2) the defendants had knowledge of that benefit; and (3) defendants accepted the benefit under circumstances that make it inequitable for the benefit to be retained

4

without payment of its value. <u>Forrest Associates v. Passamaquoddy Tribe</u>, 2000 ME 195 ¶ 14, 760 A.2d 1041, 1045-46. In this instance the alleged benefit conferred was the support Davric allegedly provided under the Industry Agreement, which in turn allegedly assisted defendants in obtaining the right to operate gaming machines in Bangor.

There may be problems with this theory including, *inter alia*, the issue of whether and to what extent it can be determined that Davric's support benefited defendants and how to value that benefit. The court also agrees that the amount recoverable under an unjust enrichment theory is the value of the benefit conferred and retained – which would not necessarily be the same as the value of the monopoly position that defendants allegedly obtained when the Bangor referendum passed and Davric was unable to obtain passage of a similar local referendum.

However, these are issues for another day. On the face of the complaint, Davric has adequately alleged a claim for unjust enrichment.

5.      <u>Count VII – Fraud</u>

Notwithstanding defendants' arguments, the court concludes that Davric has alleged fraud with sufficient particularity in this case.

6.      <u>Counts IX and X – Punitive Damages</u>

Defendants argue that if only contractual claims were to survive for trial, the punitive damage claims in Counts IX and X would have to be dismissed because punitive damages are not available on contractual claims.[2] Because Davric's wrongful

---

[2] There is also a question whether punitive damages are available for unjust enrichment.

use of civil proceedings and fraud claims remain in the case, however, defendants' motion to dismiss must be denied with respect to Counts IX and X.

The entry shall be:

For the reasons stated, plaintiff's motion for leave to file a "clarified" complaint is granted. Defendants' motion to dismiss is granted as to Count V of plaintiff's January 6, 2006 complaint and denied in all other respects. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

DATED:     July 18, 2006

_____
Thomas D. Warren
Justice, Superior Court

6

COURTS
nd County
ox 287
ie 04112-0287

BRUCE MERRILL ESQ
225 COMMERCIAL ST, STE 401
PORTLAND ME   04101

COURTS
nd County
ox 287
e 04112-0287

EDWARD MACCOLL ESQ
THOMPSON BULL FUREY BASS
PO BOX 447
PORTLAND ME   04112-0447