STATE OF MAINE  
CUMBERLAND, ss.

SUPERIOR COURT  
CIVIL ACTION  
Docket No. CV-06-573

CACV OF COLORADO, LLC,

      Plaintiff,

v.

ORDER

DONALD L. GARBRECHT  
LAW LIBRARY

AUG 2 0 2007

LUCIEN LEJA,

      Defendant.

Before the court are a number of motions in this highly litigated action in which plaintiff CACV of Colorado contends that, as the assignee of an unspecified entity identified only as "Household," it is entitled to collect $6,807.56 from defendant Lucien Leja, one of whose pleadings states that he has a flawless reputation as a diligent *pro se* litigant.

1.    Motion for Joinder

Leja has answered and filed a counterclaim. He seeks to join the lawyers representing CACV, Jill E. Hunter, Esq. and the law firm of Kimmel & Beach, as additional parties on the counterclaim. The counterclaim was filed, including the claims against Hunter and Kimmel & Beach, before any responsive pleading was filed. Under those circumstances Leja does not need the court's leave to join Hunter and Kimmel & Beach as additional parties on the counterclaim and the motion for joinder is moot.[1]

---

[1] To the extent that Leja is seeking the joinder of Hunter and Kimmel & Beach as parties who must be joined if feasible under Rule 19, the court disagrees. Hunter and Kimmel & Beach are, however, subject to permissive joinder under Rule 20. As an aside, the court would note that although Leja has a right to join additional parties on his counterclaim, he must still effect

2.     Motion to Dismiss Counterclaim and Motion to Remand

In response to Leja's counterclaim, CACV has brought a motion to dismiss and a motion to remand the case to district court. The motion to remand will be considered first. It appears to the court that Leja had a right to remove this action to the superior court pursuant to Rule 76C. This is true regardless of whether he removed the case for purposes of delay. Accordingly, the motion to remand is denied.

The motion to dismiss contends that Leja's counterclaim fails to state a claim against CACV, against Hunter, and against Kimmel & Beach. Stripped of its invective, Leja's counterclaim alleges that CACV has violated the Fair Debt Collection Practices Act, that Hunter and Kimmel & Beach have violated various provisions of the Maine Bar Rules, and that CACV, Hunter, and Kimmel & Beach have committed fraud and instituted "vexatious litigation." Each of these claims will be considered separately.

Without ruling on the merits of Leja's claim that CACV violated the Fair Debt Collection Practices Act, the court concludes that his counterclaim against CACV on this issue is not subject to dismissal on the face of the pleadings.

Leja's claim that Hunter and Kimmel & Beach violated various Bar Rules stands on a different footing. Leja has not provided any authority – and the court is not aware of any – for the proposition that a party has a cause of action for money damages based on Bar Rule violations. If any Bar Rules were violated, the remedy lies with Bar counsel.

On his claim of fraud, Leja must plead and prove that each of the counterclaim defendants (1) made a false representation (2) of a material fact (3) with knowledge of

personal service on those parties. The file does not contain any return of service upon Hunter or Kimmel & Beach, although it is apparent from the pleadings that they are aware of the claims against them. At the moment this issue is moot in light of the rulings below.

2

its falsity or with reckless disregard of whether it was true or false (4) for the purpose of inducing reliance, and (5) which did in fact cause justifiable reliance. Maine Eye Care Associates P.A. v. Gorman, 2006 ME 15 ¶ 19, 890 A.2d 707, 711 (citations omitted). Fraud claims must be alleged with particularity. M.R.Civ.P. 9(b).

In this case Leja's counterclaim argues in considerable detail that the claim against him is groundless and therefore fraudulent and that CACV has not offered evidence that it is entitled to sue or that Leja owes any money. It bears emphasis that at the pleading stage CACV is not required to offer evidence. Assuming without deciding, however, that Leja has adequately alleged that the claim against him was fraudulent, he has utterly failed to allege that he relied on any fraudulent representations or statements of the counterclaim defendants.[2] Because reliance is an essential element of claim for fraud and because Leja has not alleged that he relied in any way on any fraudulent representations by the counterclaim defendants, Leja's fraud counterclaim must be dismissed.

With respect to Leja's claim that CACV and its attorneys have engaged in "vexatious litigation," there is no cause of action for "vexatious litigation" per se. There is, however, a cause of action for wrongful use of civil proceedings. On such a claim Leja would have to allege and prove (1) that the counterclaim defendants brought an action against him without probable cause, (2) that this was done for a purpose other than seeking a proper adjudication of the claim, and (3) that the action was resolved in his favor. E.g., Palmer Development Corp. v. Gordon, 1999 ME 22 ¶ 4, 723 A.2d 881, 883 (citations omitted).

---

[2] Indeed, Leja's vigorous and immediate defense of this action appears to refute any possibility of reliance.

It is questionable whether Leja's allegations satisfy the second element listed above – that the lawsuit was instituted for a purpose other than seeking proper adjudication of the claim. However, the court does not have to reach that issue because in any event Leja's counterclaim does not satisfy the third element listed above. He has not alleged – and currently cannot allege – that the underlying litigation has been terminated in his favor. Accordingly, Leja's claim for wrongful use of civil proceedings must be dismissed at this time without prejudice to his right to pursue such a claim at a later time if he prevails on CACV's claim in this case.

Accordingly, the motion to dismiss Leja's counterclaim is granted as to all claims against Hunter and Kimmel & Beach and is granted as to the fraud and wrongful use of civil proceedings claim against CACV. Leja's counterclaim against CACV based on the Fair Debt Collection Practices Act remains to be adjudicated.

3.    Leja's Amended Counterclaim

After CACV filed its reply to Leja's counterclaim and its motion to dismiss, Leja filed an amended counterclaim. In the court's file this was not accompanied by a motion for leave to amend, although leave of court was required under M.R.Civ.P. 15(a). In any event, however, the counterclaim defendants have moved to dismiss the amended counterclaim and the court has reviewed the substance of the amended counterclaim. The court concludes that the amended counterclaim fails to state a claim upon which relief may be granted.

Specifically, in his amended counterclaim Leja seeks to bring a claim for unjust enrichment. However, he is not alleging that he has conferred a benefit on CACV such that CACV has been unjustly enriched. See Maine Eye Care Associates P.A. v. Gorman, 2006 ME 15 ¶ 26, 890 A.2d at 712. Instead, he is claiming that CACV will be unjustly

4

enriched if it prevails in this action. This is not a valid claim for unjust enrichment, and Leja's amended counterclaim will be dismissed.

### 4. Leja's Motion for a Preliminary Injunction

After the above motions had been briefed, Leja filed a motion for preliminary injunction ordering CACV, Hunter, and Kimmel & Beach to cease and desist all future court actions involving debt collection until they can prove that they are properly licensed within the State of Maine as debt collectors. This motion is based on 32 M.R.S. § 11031, which states that "no person may conduct the business of debt collection in this state without a valid license."

To the extent that an injunction is sought against Hunter and Kimmel & Beach, there are two problems. The first is that they are not parties to this action. Leja has sought to make them parties to his counterclaim, but the counterclaim has been dismissed as against them. Second, and more importantly, pursuant to the express terms of the Maine Fair Debt Collection Practices Act, attorneys whose principal activities include collecting debts but who are licensed to practice law in Maine are subject "exclusively" to the provisions of subchapter 2 of the Act, which governs debt collection activities. 32 M.R.S. § 11002(6). It follows that they are not subject to subchapter 3 of the Act, which includes § 11031, the licensing provision relied upon by Leja. Even assuming that Hunter and Kimmel & Beach's principal activities include collecting debt, therefore, they do not need to be licensed and Leja's motion for a preliminary injunction is denied as against Hunter and Kimmel & Beach.[3]

---

[3] In his pleadings, Leja asserts that Kimmel & Beach is a franchisee of CACV. He has not offered any substantiation of this claim. In response, Attorney Hunter has denied that Kimmel & Beach is a franchisee of CACV and asserts that the firm has no proprietary interest in the underlying case other than a contract with CACV for a reasonable contingent fee.

As against CACV, there is a closer question as to whether licensing is necessary. CACV may qualify as a "debt collector" under 32 M.R.S. § 11002(6) but it does not appear that it is necessarily conducting business within the State as defined in § 11002(2). On this issue the court concludes that Leja has not shown a likelihood of success on the merits.[4]

In addition, with respect to Leja's motion for a preliminary injunction as a whole, Leja also has not shown any irreparable harm, which is a prerequisite for injunctive relief. Leja is raising alleged violations of the Fair Debt Collection Practice Act as a defense to this action and if there are any such violations, he has an adequate remedy at law.

Leja's motion for a preliminary injunction is denied.


5.    Leja's Motion to Dismiss

The final two unresolved motions in the file are motions by Leja for summary juidgment and to dismiss. The court has previously stayed CACV's deadline for responding to the summary judgment motion, but Leja's motion to dismiss has been fully briefed. In that motion Leja reiterates his contention that Hunter, Kimmel & Beach, and CACV cannot collect debt without a license under 32 M.R.S. § 11031. For the reasons set forth in the discussion of Leja's motion for a preliminary injunction, Leja's motion to dismiss on this basis is denied.

Leja also seeks dismissal because Attorney Hunter has failed to demonstrate that she has actual authority to act on behalf of CACV. Such authority has never been

---

[4] Leja argues that there was a further violation of the Fair Debt Collection Practice Act because he was not sent a notice of the debt before suit was instituted. He has not submitted any affidavit to substantiate this contention, and CACV has submitted a copy of a May 31, 2006 letter which appears to contradict Leja's assertions on this issue.

6

required as a prerequisite to an attorney's appearance for a client. Leja's motion to dismiss is denied in all respects.

6.    Future Proceedings

Pursuant to the court's March 5, 2007 order, CACV now has 21 days to respond to Leja's motion for summary judgment and the parties now have 60 days to engage in ADR.

The entry shall be:

The motion to dismiss defendant's counterclaim and amended counterclaim is granted with respect to all claims against Jill E. Hunter, Esq. and Kimmel & Beach and is granted with respect to defendant's fraud, "vexatious litigation," and unjust enrichment claims. The motion to dismiss defendant's counterclaim is denied as to the claim that CACV violated the Fair Debt Collection Practices Act. Plaintiff's motion to remand this case to the District Court is denied. Defendant's motion for a preliminary injunction is denied. Defendant's March 5, 2007 motion to dismiss is denied.

The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

DATED:    June _/5_, 2007

_____
Thomas D. Warren
Justice, Superior Court

7

F COURTS
and County
Box 287
ne 04112-0287

LUCIEN LEJA
112 MECHANIC STREET APT 1
WESTBROOK ME 04092

F COURTS
and County
Box 287
ne 04112-0287

JILL HUNTER ESQ
62 PORTLAND ROAD
KENNEBUNK ME 04043