STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-18-253

ROBYN KATZ, Individually
and as Beneficiary of the
Reuben Katz Testamentary
Trust, and WAYNE LAWSON,

      Plaintiffs

      v.

DAVID TURESKY,

      Defendant

ORDER ON PLAINTIFFS'
MOTIONS FOR
RECONSIDERATION

Before the court are plaintiffs Robyn Katz and Wayne Lawson's motions for reconsideration filed December 20, 2018 and January 7, 2019. For the following reasons, plaintiffs' motion filed December 20, 2018 is granted in part and denied in part. Plaintiffs' motion filed January 7, 2019 is denied.

I.   <u>Procedural Background</u>

Plaintiffs filed a complaint on June 4, 2018. On June 28, 2018, plaintiffs filed a first amended complaint. On August 13, 2018, defendant (1) answered the first amended complaint, (2) filed two separate counterclaim documents that were later dismissed without prejudice (November 30, 2018 Order), (3) moved to disqualify plaintiff's counsel, (4) moved to strike, (5) moved to dismiss counts from the complaint, and (6) requested a hearing. On August 31, 2018, plaintiffs filed an opposition to defendant's motions to dismiss and disqualify counsel. On September 7, 2018, defendant (1) filed replies to plaintiffs' oppositions to defendant's motions to disqualify and dismiss and (2) moved for an entry of default judgment on his counterclaims. On September 10, 2018, plaintiffs (1) answered defendant's counterclaim documents, (2) filed an

REC'D CUMB CLERKS OFC
FEB 15 '19 PM 3:03

1

opposition to defendant's motion to strike, (3) moved to reply nunc pro tunc to defendant's counterclaims, (4) moved to dismiss defendant's counterclaims, and (5) moved to strike. On September 25, 2018, defendants filed an opposition to plaintiffs' motions to reply nunc pro tunc, dismiss, and strike. On October 1, 2018, plaintiffs replied to defendants' opposition to their motions to reply nunc pro tunc, dismiss, and strike.

On November 30, 2018 the court issued an order on all pending motions except for the motion to disqualify plaintiffs' counsel. Additionally, on November 30, 2018, both parties submitted simultaneous affidavits in regards to the motion to disqualify. On December 18, 2018, the court issued an on the motion to disqualify. On December 27, 2018, the court issued an order regarding plaintiffs' representation.

In this proceeding to date, seven motions have been filed. In addition, plaintiffs have now filed two motions for reconsideration.

Plaintiffs filed a motion for reconsideration pursuant to Maine Rules of Civil Procedure Rule 7(b)(5) on December 20, 2018. In the motion, they seek to vacate the court's dismissal of plaintiffs' claim for wrongful use of civil proceedings. (November 30, 2018 Order.) Defendant filed an opposition to plaintiffs' motion on January 9, 2019. Plaintiffs filed a reply to defendant's opposition on January 14, 2019.

Plaintiffs filed a second motion for reconsideration pursuant to Rule 7(b)(5) on January 7, 2019. In this motion, they seek to vacate the court's order disqualifying attorney Jeffrey Bennett, Esq. from representing plaintiffs in this case. (December 18, 2018 Order.) Defendant filed an opposition to plaintiffs' motion on January 25, 2019. Plaintiffs filed a reply to defendant's opposition on January 30, 2019.

## II. Standard of Review

A motion for reconsideration "shall not be filed unless required to bring to the court's attention an error, omission or new material that could not previously have been presented." M.R. Civ. P. 7(b)(5). "Rule 7(b)(5) is intended to deter disappointed litigants from seeking to reargue points that were or could have been presented to the court on the underlying motion." Shaw v. Shaw, 2003 ME 153, ¶ 8, 839 A.2d 714 (quotation marks omitted).

## III. Discussion

### a. Plaintiffs' First Motion for Reconsideration

Plaintiffs argue that the court erred in dismissing their claim because in plaintiffs' first amended complaint, they pleaded the necessary elements for wrongful use of civil proceedings and the court must accept the facts in the complaint as true. Specifically, plaintiffs point to their complaint, in which they alleged that the first and third forcible entry and detainer actions brought against them by defendant terminated in their favor. Defendant argues that the court did not err, because the court properly considered the FED orders, which were "official public documents" and "documents that are central to the plaintiff's claim" pursuant to Moody v. State Liquor & Lottery Comm'n, and that the FED orders contradict plaintiffs' claim that they received favorable termination in the previous civil actions. Moody, 2004 ME 20, ¶ 10, 843 A.2d 43.

The court clarifies the November 30, 2018 order. Plaintiffs' claim of wrongful use of civil proceedings in count VIII is dismissed with regard to the second and third FED actions that did not terminate in plaintiff Katz's favor. The first FED action initiated against plaintiff Lawson only is not dismissed as defendant did not seek a dismissal of that claim in his motion to dismiss. (See Def.'s Reply Mot. Dismiss 3 ("Plaintiffs state that Plaintiff Lawson succeeded on the first FED

3

action and that is true, which is why Defendant is not seeking dismissal of Lawson's claim.")); see also (Def.'s Mot. Dismiss 4-6.)

    b.  <u>Plaintiffs' Second Motion for Reconsideration</u>

Plaintiffs argue that the court misapplied the <u>Morin</u> standard in its order to disqualify attorney Jeffrey Bennett, Esq. from representing the plaintiffs. <u>Morin v. Me. Educ. Ass'n</u>, 2010 ME 36, ¶¶ 9-10, 993 A.2d 1097. Plaintiffs state the error is due to the court basing its decision on general allegations of prior relationships and not on a "specific, identifiable harm [defendant] will suffer in the litigation by opposing counsel's continued representation." <u>Id.</u> at ¶ 10. Plaintiffs state that the only harm defendant has alleged, "likely to confuse the fact-finder," is speculative.

Plaintiffs argue next that defendant did not identify Attorney Bennett's potential testimony and did not show the testimony is "necessary" pursuant to Maine Rules of Professional Conduct 3.7. Finally, plaintiffs submit Attorney Bennett's affidavit, in which he challenges the statements in Attorney David Turesky's affidavit, as new material for the court to consider. Plaintiffs state that the information in Attorney Bennett's affidavit could not have been produced earlier because the court required simultaneous affidavits from plaintiffs and defendant.

Plaintiffs' arguments and submitted materials in support of this motion have previously been heard by the court or could have been presented in earlier submissions. Although Attorney Bennett's affidavit is a direct response to Attorney Turesky's affidavit, the Bennett affidavit contains information that Attorney Bennett either did provide or could have provided to the court in an earlier submission. Accordingly, the arguments and the new affidavit do not constitute grounds for reconsideration of the court's order. M.R. Civ. P. 7(b)(5).

The entry is

> Plaintiffs' Motion for Reconsideration and to Vacate Dismissal of
> Count VIII is GRANTED as follows: the Court's Order filed

4

November 30, 2018 is Amended as follows: Count VIII of Plaintiffs' Complaint is NOT DISMISSED as to the Forcible Entry and Detainer action filed against Wayne Lawson and Count VIII of Plaintiffs' Complaint IS DISMISSED as to the two Forcible Entry and Detainer actions filed against Robyn Katz.

Plaintiffs' Motion for Reconsideration of Disqualification Order is DENIED.

Date: February 14, 2019

Nancy Mills
Justice, Superior Court

Entered on the Docket: 2/20/19

5

ROBYN KATZ, Individually
and as Beneficiary of the
Reuben Katz Testamentary
Trust, and WAYNE LAWSON,

       Plaintiffs

v.

DAVID TURESKY,
       Defendant

STATE OF MAINE
Cumberland ss Clerk's Office

DEC 12 2018  4:07PM

RECEIVED

ORDER ON DEFENDANT'S
MOTION TO DISQUALIFY
JEFFREY BENNETT, ESQ.
AS PLAINTIFFS' COUNSEL

Procedure

Before the court is defendant's motion to disqualify Attorney Jeffrey Bennett as plaintiffs' counsel. M.R. Prof. Conduct 3.7. Because the court was unable to schedule a hearing on defendant's motion, the court requested the parties file affidavits addressing the motion. The affidavits were filed on November 30, 2018. For the following reasons, the motion is granted.

Facts

In their amended complaint, plaintiffs alleged nine causes of action against defendant, individually and as trustee: count I, breach of fiduciary duty; count II, negligence and professional negligence; count III, intentional infliction of emotional distress; count IV, negligent infliction of emotional distress; count V, unjust enrichment and restitution; count VI, fraud, misrepresentation, and deceit; count VII, defamation; count VIII, malicious prosecution and wrongful use of civil proceedings; and count IX, an accounting of trust assets, proceeds, and records. Attorney Bennett represented plaintiffs in three forcible entry and detainer (FED) actions, which form the basis for several of the factual allegations in plaintiffs' amended complaint and for the allegations in count

1

VIII, malicious prosecution and wrongful use of civil proceedings. (Pls.' Am. Compl. ¶¶ 26-43, 47-450, 55, 57, 59; Turesky Aff. ¶¶ 4-10.) By order filed on November 30, 2018, the court granted defendant's motion to dismiss count VIII of plaintiffs' amended complaint. In addition to Attorney Bennett's representation of plaintiff in the FED matters, defendant alleges that Attorney Bennett is a necessary witness who can offer testimony relevant to other allegations in the amended complaint. (Turesky Aff. ¶¶ 11-15.)

Standard

The Law Court has noted that motions to disqualify are "capable of being abused for tactical purposes." Morin v. Me. Educ. Ass'n, 2010 ME 36, ¶ 8, 993 A.2d 1097. Disqualification is appropriate when the moving party produces evidence that supports two findings:

> First, disqualification must serve the purposes supporting the ethical rule. A party moving to disqualify an attorney has the burden of demonstrating more than mere speculation that an ethics violation has occurred; she must establish in the record that continued representation of the nonmoving party by that party's chosen attorney results in an affirmative violation of a particular ethical rule. Further, even if an ethical violation is established, whether disqualification of that attorney may be imputed to the attorney's entire law firm depends on which ethical violation is found to have occurred.

> Second, we require a showing that continued representation by the attorney would result in actual prejudice to the party seeking that attorney's disqualification . . . courts will not assume the existence of prejudice to the moving party just by the mere fact that an ethical violation was committed, even when that ethical violation involves confidential communications. A mere general allegation that the attorney has some confidential and relevant information he gathered in the previous relationship will not support disqualification. Rather, the moving party must point to the specific, identifiable harm she will suffer in the litigation by opposing counsel's continued representation. Indeed, to allow disqualification with proof of anything less than such actual prejudice would be to invite movants to employ this obvious vehicle for abuse.

Morin, 2010 ME 36, ¶¶ 9-10, 993 A.2d 1097 (quotations and citations omitted).

Discussion

Defendant relies on Rule 3.7 of the Maine Rules of Professional Conduct for disqualification. That rule provides that a "lawyer shall not at as advocate at a tribunal in which

2

the lawyer is likely to be a necessary witness unless . . . disqualification of the lawyer would work substantial hardship on the client." M.R. Prof. Conduct 3.7(a). As discussed, although plaintiffs' claim for malicious prosecution and wrongful use of civil proceedings has been dismissed, defendant argues Attorney Bennett's testimony will be required on other issues. (Turesky Aff. ¶¶ 11-15.)

Considering the allegations in the amended complaint and defendant's statements in his affidavit, the court concludes that defendant has made the necessary showing under <u>Morin</u>. Attorney Bennett is a necessary witness, particularly with regard to plaintiffs' emotional distress and defamation claims. Defendant has identified specific, identifiable harm he will suffer in the litigation by opposing counsel's continued representation. If Attorney Bennett continues his representation of plaintiffs and is called as a witness, the trier of fact, likely a jury, may be confused by his dual roles as advocate and witness. If he continues his representation and does not testify, defendant is deprived of relevant testimony.

Accordingly, the court must balance the interest of plaintiffs, the court, and defendant. M.R. Prof. Conduct 3.7 cmt. (4). It is relevant that both parties could have foreseen that Attorney Bennett would probably be a witness. <u>Id.</u> As discussed, the jury may be confused by Attorney Bennett's dual role.

Finally, with regard to the interests of plaintiffs, Attorney Bennett states:

> Ms. Katz and Mr. Lawson have physical and mental health disabilities. Ms. Katz and Mr. Lawson lack the financial resources to hire counsel and a traditional hourly basis. Because of their disabilities and lack of resources, Ms. Katz and Mr. Lawson require extra attention and assistance and, therefore, they are not clients suitable or desirable for many traditional law firms. If I am disqualified, I believe it will be difficult or not possible for Ms. Katz and Mr. Lawson to retain replacement counsel.

(Bennett Aff. ¶ 2.) Rule 3.7 specifically permits an attorney to "act as advocate in a tribunal in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from

3

doing so by Rule 1.7 or Rile 1.9."[1]  M.R. Prof. Conduct 3.7(b).  Defendant does not object to this

procedure and states that in this case, "at least two other lawyers in Mr. Bennett's law office have

appeared with him.  Attorney Melissa Donahue co-signed the Complaint.[2]  Attorney Martin Tartre

joined Mr. Bennett in their more recent filings."[3]  (Turesky Aff. ¶ 16.)  The concern about securing

successor representation for plaintiffs is relieved if other attorneys in Attorney Bennett's law firm

continue representation of plaintiff.

The entry is

> Defendant's Motion to Disqualify Jeffrey Bennett, Esq. as Plaintiffs'
> Counsel is GRANTED.

Date:  December 18, 2018

Nancy Mills
Justice, Superior Court

Entered on the Docket:___12.20-18

---

[1] The parties have not suggested on this record that these rules are implicated.

[2] Attorney Donahue is listed on the complaints. She did not sign the complaints.

[3] The record does not reflect that Attorney Tartre has signed pleadings but defendant is copying him on correspondence.

4

STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-18-253

ROBYN KATZ, Individually
and as Beneficiary of the
Reuben Katz Testamentary
Trust, and WAYNE LAWSON,

Plaintiffs

v.

DAVID TURESKY,

Defendant

ORDER ON MOTIONS

STATE OF MAINE
Cumberland ss Clerk's Office

NOV 3 0 2018

RECEIVED

11: 07AM

## I. Defendant's Motion to Dismiss Counts VI, VII, and VIII of Plaintiffs' Complaint

Plaintiffs have stated a cause of action for fraud, deceit, and misrepresentation in count VI. See Brawn v. Oral Surgery Assocs., 2003 ME 11, ¶¶ 21-22, 819 A.2d 1014 ("When a special relationship exists, that is a fiduciary relationship, omission by silence may constitute the supplying of false information. . . in such a relationship, where the defendant knows particular facts and does not disclose them causing the plaintiff to rely on those facts, an inference of fraud is appropriate."); (Pls.' Compl. ¶¶ 51-59, 110-17.)

Plaintiffs have stated a cause of action for defamation in count VII. See Morgan v. Kooistra, 2008 ME 26, ¶ 26, 941 A.2d 447; (Pls.' Compl. ¶¶ 118-23.) Plaintiffs' failure to specifically allege date of defamatory publication is not necessarily fatal. Vahlsing Christina Corp. v. Stanley, 487 A.2d 264, 267 (Me. 1985). Plaintiffs are not required to disprove defendant's affirmative defenses. See Cunningham v. Haza, 538 A.2d 265, 267 (Me. 1988).

As to count VIII, in order to survive a motion to dismiss a claim of malicious prosecution and wrongful civil proceedings, plaintiffs must allege that the defendant "(1) [] initiates, continues,

1

or procures civil proceedings without probable cause, (2) with a primary purpose other than that of securing the proper adjudication of the claim upon which the proceedings are based, and (3) the proceedings have terminated in favor of the person against whom they are brought." Pepperell Trust Co. v. Mountain Heir Fin. Corp., 1998 ME 46, ¶ 17, 708 A.2d 651.

With regard to the third element, the Law Court has concluded that a favorable termination must be on the merits. Palmer Dev. Corp. v. Gordon, 1999 ME 22, ¶ 10, 723 A.2d 881 ("[T]here is a requirement in the malicious prosecution action that the proceeding has terminated favorably to the plaintiff, and that the favorable termination be on the merits, or at least reflect on the merits, of the action."). The Law Court has emphasized that the alleged wrongful proceeding must be final and cannot be an ongoing proceeding no matter the likelihood of success for the plaintiff alleging malicious prosecution. Pepperell Trust Co., 1998 ME 46, ¶ 20, 708 A.2d 651 ("[T]here can be no allegation that the proceedings have terminated in the claimant's favor until the possibility of change in the outcome of the offending action has been eliminated through the exhaustion of post-trial or appellate remedies."). The Maine District Court, applying Maine law, held that a settlement is not a favorable termination of a prior lawsuit as a matter of law. Simon v. Navon, 951 F. Supp. 279, 283 (D. Me. 1997). "A successful statute of limitations defense does not reflect on the merits of an action." Palmer, 1999 ME 22, ¶ 11, 723 A.2d 881. A dismissal for lack of standing is not a favorable termination. Morse Bros. v. Webster, 2001 ME 70, ¶¶ 29-30, 772 A.2d 842. Plaintiffs' exhibit I, attached to the amended complaint, makes clear that the outcomes of the FED actions are not considered favorable to plaintiffs in the context of a malicious prosecution claim.

Defendant's motion to dismiss is denied as to counts VI and VII and granted as to count VIII. Count VIII of plaintiffs' amended complaint is dismissed.

2

## II. Plaintiffs' Motion to Dismiss Counterclaims

Defendant's counterclaims were not contained in a recognized pleading under M.R. Civ. P. Rule 7(a). The Law Court has adhered strictly to Rule 7(a) and limited what pleadings are authorized in Maine civil cases. See S. H. Nevers Corp. v. Husky Hydraulics, Inc., 408 A.2d 676, 679 (Me. 1979) ("[U]nder the Maine rule a plaintiff may not assert his claim against a third-party defendant by a new and separate pleading; we reach this conclusion because Rule 7(a) enumerating the pleadings which may be filed in a civil action does not enumerate any pleading that could be used to assert the plaintiff's claim."). The pleadings recognized under Rule 7(a) are a complaint, an answer, a reply to a counterclaim, an answer to a cross-claim, a third-party complaint, and a third-party answer; "[n]o other pleading shall be allowed." M.R. Civ. P. 7(a); see also Lee v. Maier, 1999 ME 62, ¶ 14, 728 A.2d 154 ("Rule 7(a) addresses the various forms of pleadings by referring to the complaint, answer, reply to a counterclaim, answer to a cross-claim, third-party complaint, and third-party answer.") Counterclaims are not a separate pleading and must be contained in one of the pleadings enumerated in Rule 7(a).

Plaintiffs' motion to dismiss counterclaims is granted. Defendant's counterclaims are dismissed without prejudice. M.R. Civ. P. 7(a).

## III. Plaintiffs' Motion for Leave to File Reply to Counterclaims

Based on the above discussion, plaintiffs' motion is moot.

## IV. Defendant/Counterclaim Plaintiff's Request for Entry of Default against Plaintiffs/Counterclaim Defendants on Counterclaim for Declaratory Judgment

Based on the above discussion, defendant/counterclaim plaintiff's motion is denied.

3

V.     Defendant/Counterclaim Plaintiff's Request for Entry of Default against Plaintiff/Counterclaim Defendant Lawson

Based on the above discussion, defendant/counterclaim plaintiff's motion is denied.

VI.    Plaintiffs' Motion to Strike Counterclaims

Based on the above discussion, plaintiffs' motion is moot.

VII.   Defendant's Motion to Disqualify Plaintiff's Counsel

The court has requested that the parties file affidavits to address this motion by November 30, 2018.

The clerk is directed to incorporate this order into the docket by reference.  M.R. Civ. P. 79(a).

Date:  November 29, 2018

Nancy Mills
Justice, Superior Court

Entered on the Docket: _____ 12-10-18

4