Filed 8/17/20  Windy Pizza Plus v. Masserat CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| WINDY PIZZA PLUS, LLC et al., | B292047 |
| Plaintiffs and Appellants, | (Los Angeles County Super. Ct. No. SC128580) |
| v. | |
| SASSAN J. MASSERAT et al., | |
| Defendants and Respondents. | |

APPEAL from an order and judgment of the Superior Court of Los Angeles County, Bobbi Tillmon, Judge.  Affirmed.

Law Offices of Thomas S. Byrnes and Thomas S. Byrnes for Plaintiffs and Appellants.

Nemecek & Cole, Jonathan B. Cole and Mark Schaeffer for Defendant and Respondent Sassan J. Masserat.

Ecoff Campain & Tilles, Lawrence C. Ecoff and Alberto J. Campain for Defendants and Respondents Jonathan Pakravan and Law Offices of Jonathan Pakravan.

_____

The trial court granted Jonathan Pakravan and Law Offices of Jonathan Pakravan, APC's and Sassan Masserat's special motions to strike the complaint of Windy Pizza Plus, LLC, Antonio Pellini and Filippo Alberti Pezzoli (collectively the Windy Pizza parties) for malicious prosecution, abuse of process, intentional infliction of emotional distress and related common law torts.  (Code Civ. Proc., § 425.16.)[1]  On appeal the Windy Pizza parties contend the court erred in ruling they had not established a probability of prevailing on their cause of action for malicious prosecution, conceding their other claims are barred by the litigation privilege (Civ. Code, § 47, subd. (b)).  We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

1. *The Windy Pizza Parties' Complaint*

The Windy Pizza parties' complaint, filed December 21, 2017, arose from a lawsuit brought and pursued by Masserat and Pakravan[2] on behalf of their client Eugenia Catellani, Pellini's former wife and a former employee of Windy Pizza.[3]  As alleged in the complaint, Pellini, an Italian citizen residing in California, owned a majority interest in Windy Pizza through his Italian company and was its general manager responsible for the three

---

[1]     Statutory references are to this code unless otherwise stated.

[2]     Although Jonathan Pakravan and his eponymous professional corporation are separate legal entities and each is named a defendant in the case at bar, for simplicity we use Pakravan to refer to Jonathan Pakravan individually and to both Jonathan Pakravan and the professional corporation collectively as context requires.

[3]     Catellani was not named a defendant.

2

Windy Pizza restaurants in Los Angeles County. Pezzoli, an Italian citizen who had temporarily relocated to Los Angeles County, allegedly owned 20 percent of Windy Pizza.[4]

According to the complaint, Catellani married Pellini in 2010 and later became Windy Pizza's vice president. In February 2013 the couple separated when Catellani abruptly returned to Italy. In May 2013 Pellini filed a marital dissolution action in Los Angeles Superior Court (case No. BD582312). In March 2014 Pakravan became Catellani's counsel of record in the dissolution action.

On July 1, 2014, while the dissolution action was pending, Masserat, allegedly with Pakravan's knowledge and approval, filed on Catellani's behalf an employment action in Los Angeles Superior Court (case No. SC122769) against the Windy Pizza parties asserting 20 causes of action, including violations of the California Labor Code, breach of oral and implied-in-fact employment contracts, assault, battery, retaliation and constructive discharge. Catellani sued Pellini and Pezzoli at least in part as alter egos of Windy Pizza. Masserat and Pakravan eventually became Catellani's attorneys of record in both the marital dissolution and employment actions.

The Windy Pizza parties' complaint alleged that in July 2015 Pezzoli filed a motion for summary judgment and Windy Pizza filed a motion for summary adjudication in the employment action. The hearing on the motions was continued for several months to accommodate Masserat's schedule. In April 2016,

---

[4]     Pezzoli filed a declaration in opposition to the section 425.16 motions stating his wife owned 20 percent of Windy Pizza, inherited from her father; he was not an owner of the company.

before Catellani had responded to the motions, Catellani and Pellini settled their marital dissolution action. As part of the settlement Catellani agreed to dismiss her employment action with prejudice. On April 25, 2016 Masserat and Pakravan filed a request for dismissal with prejudice as to all defendants in the employment action.

The Windy Pizza parties, contending Catellani's employment action was without merit, alleged in their complaint (1) Catellani falsely claimed she had been forced to resign from Windy Pizza as a result of abuse and other intolerable working conditions; (2) contrary to Catellani's claim, Pezzoli and Pellini were not her employers; and (3) as Windy Pizza's vice president, Catellani was exempt from the wage-and-hour laws she alleged had been violated. The complaint further alleged Masserat and Pakravan brought and pursued the employment action—despite knowing it was based on falsehoods and without merit—to obtain, for their own financial benefit, a quick settlement they expected would be paid by Windy Pizza's insurance carrier and/or by Pezzoli's wealthy wife. Masserat and Pakravan also allegedly brought the employment action to serve as leverage in settling the dissolution action.

2. *Masserat's and Pakravan's Special Motions To Strike*

On February 27, 2018 Pakravan moved to strike the Windy Pizza parties' complaint pursuant to section 425.16. Pakravan argued all the causes of action arose from acts in furtherance of the right of petition within the meaning of section 425.16. Pakravan also contended the Windy Pizza parties could not establish a probability of prevailing on their claims because they could not prove a favorable termination of Catellani's underlying employment action, a necessary element of their malicious

prosecution cause of action, and their claims were all barred by section 340.6's one-year statute of limitations for actions against an attorney (other than for actual fraud) arising from the performance of professional services.

In support of the motion Pakravan submitted his declaration and attached a copy of the April 20, 2016 settlement agreement in Catellani and Pellini's dissolution action, which had been executed by Pellini, Catellani and their attorneys. The agreement provided, "As a material and integral part of this Settlement, [Catellani] agrees to dismiss with prejudice the entire civil lawsuit now pending in this Court, West District, and assigned Los Angeles Superior Court Case Number SC 122769 as [a] condition of [Pellini's] obligations hereunder. [¶] [Catellani's] attorney has agreed to provide to [Pellini's] counsel a fully executed Request for Dismissal with Prejudice of LASC Case No. SC 122769 as a prerequisite for [Pellini's] obligation to begin making the Equalization Payments set forth in Paragraph 506." Paragraph 506, in turn, provided, "To equalize the division of the community property assets and obligations," Pellini "shall pay to [Catellani] the sum of $130,000," payable in installments due on specified dates. The settlement agreement also provided that Windy Pizza guaranteed the payments to be made by Pellini.

Pakravan's declaration also attached a copy of the request for dismissal with prejudice filed in Catellani's employment action on April 25, 2016. The request specifically stated, "Dismissal per settlement in LASC BD582312, based on payment of $130,000 to Plaintiff by Defendant Antonio Pellini only," with the word "only" underlined.

On March 5, 2018 Masserat filed his special motion to strike, as well as a supporting declaration and exhibits, including

5

the judgment entered in the marital dissolution action.  That judgment, at paragraph 24, provided, "As set forth in Section 750 of the Settlement Agreement signed by the Parties and their respective attorneys on April 20, 2016, as [a] material and integral part of this Stipulated Judgment, [Catellani] agreed to dismiss with prejudice the entire civil action pending in the Superior Court of California, County of Los Angeles, Case Number SC 122769 as a condition of [Pellini's] obligations hereunder, including his agreement to make the Equalization Payment described above in Paragraph 23 of this Judgment."  In addition to arguing the Windy Pizza parties' claims arose from protected activity, Masserat contended they could not establish a probability of prevailing on their claims because they did not obtain a favorable termination of the underlying employment action, Masserat had sufficient probable cause to prosecute the employment action and Masserat did not act with malice toward them in prosecuting the employment action.  Masserat also contended all the claims were barred by the statute of limitations set forth in section 340.6 and claims other than for malicious prosecution were barred by the litigation privilege set forth in Civil Code section 47, subdivision (b).

3. *The Windy Pizza Parties' Opposition to the Special Motions To Strike*

On May 23, 2018 the Windy Pizza parties filed their opposition to Pakravan's and Masserat's special motions to strike, supported by declarations from Pellini and Pezzoli.  They acknowledged the propriety of striking all causes of action other than for malicious prosecution based on the litigation privilege and essentially conceded their malicious prosecution claim arose from protected activity within the meaning of section 425.16.

6

They insisted, however, there was a probability they would prevail on their malicious prosecution claim and argued the motions should be denied as to that cause of action.

Specifically, the Windy Pizza parties argued Catellani's employment action had terminated in their favor because it had been dismissed with prejudice. They also contended Catellani had dismissed her action to avoid having to oppose the pending summary judgment and summary adjudication motions by committing perjury as to her status as an exempt executive employee. Accordingly, they argued, Catellani's voluntary dismissal with prejudice of her employment action should be construed as a favorable termination.[5]

4. *The Trial Court's Ruling*

After oral argument at a hearing on June 6, 2018, the trial court granted both special motions to strike. In its ruling the court found all causes of action arose from protected activity, the filing of the employment action. The trial court also found the Windy Pizza parties had failed to establish a probability of prevailing on any of their claims. First, the court ruled the litigation privilege barred all causes of action other than for malicious prosecution. Second, the court found the Windy Pizza parties were unable to show the employment action had been terminated in their favor, an essential element of their malicious prosecution claim, because they had all been dismissed as

---

[5] The opposition to the special motions to strike also included responses to Pakravan and Masserat's statute of limitations argument and to Masserat's arguments regarding the probable cause and malice elements of a malicious prosecution cause of action.

7

defendants in that action as a condition of Catellani and Pellini's settlement of the dissolution action.[6]

## DISCUSSION

1. *Section 425.16, the Anti-SLAPP Statute*[7]

Section 425.16 provides, "A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." (§ 425.16, subd. (b)(1).)

In ruling on a motion under section 425.16, the trial court engages in a two-step process. "First, the defendant must establish that the challenged claim arises from activity protected by section 425.16. [Citation.] If the defendant makes the required showing, the burden shifts to the plaintiff to demonstrate the merit of the claim by establishing a probability of success." (*Baral v. Schnitt* (2016) 1 Cal.5th 376, 384.)

In making its determination the court must consider the parties' pleadings and affidavits describing the facts on which liability or defenses are predicated. (§ 425.16, subd. (b)(2).) "As to the second step, a plaintiff seeking to demonstrate the merit of the claim 'may not rely solely on its complaint, even if verified;

---

[6]     The court did not address the other challenges to the malicious prosecution claim raised by Pakravan and Masserat.

[7]     SLAPP is an acronym for "strategic lawsuit against public participation." (*City of Montebello v. Vasquez* (2016) 1 Cal.5th 409, 413, fn. 2.)

8

instead, its proof must be made upon competent admissible evidence.'" (*Monster Energy Co. v. Schechter* (2019) 7 Cal.5th 781, 788.) "'We have described this second step as a "summary-judgment-like procedure." [Citation.] The court does not weigh evidence or resolve conflicting factual claims. Its inquiry is limited to whether the plaintiff has stated a legally sufficient claim and made a prima facie factual showing sufficient to sustain a favorable judgment. It accepts the plaintiff's evidence as true, and evaluates the defendant's showing only to determine if it defeats the plaintiff's claim as a matter of law.'" (*Ibid.*; see *Taus v. Loftus* (2007) 40 Cal.4th 683, 714 [the court should grant the section 425.16 motion "'if, as a matter of law, the defendant's evidence supporting the motion defeats the plaintiff's attempt to establish evidentiary support for the claim'"].)

We review de novo an order granting or denying a special motion to strike under section 425.16. (*Wilson v. Cable News Network, Inc.* (2019) 7 Cal.5th 871, 884; *Park v. Board of Trustees of California State University* (2017) 2 Cal.5th 1057, 1067.)

2. *The Windy Pizza Parties Did Not Demonstrate a Probability of Succeeding on Their Malicious Prosecution Claim*

The Windy Pizza parties do not dispute their malicious prosecution claim arises from protected activity. The burden thus shifted to them to establish a probability of prevailing on that claim. (*Baral v. Schnitt, supra,* 1 Cal.5th at p. 384.)

A cause of action for malicious prosecution "consists of three elements. The underlying action must have been: (i) initiated or maintained by, or at the direction of, the defendant, and pursued to a legal termination in favor of the malicious prosecution plaintiff; (ii) initiated or maintained

9

without probable cause; and (iii) initiated or maintained with malice." (*Parrish v. Latham & Watkins* (2017) 3 Cal.5th 767, 775; accord, *Garcia v. Rosenberg* (2019) 42 Cal.App.5th 1050, 1057-1058.) "Favorable termination . . . 'is an essential element of the tort of malicious prosecution, and it is strictly enforced.'" (*Lane v. Bell* (2018) 20 Cal.App.5th 61, 68; accord, *Cox v. Griffin* (2019) 34 Cal.App.5th 440, 450.)

"'[I]n order for the termination of a lawsuit to be considered favorable to the malicious prosecution plaintiff, the termination must reflect on the merits of the action and the plaintiff's innocence of the misconduct alleged in the lawsuit.'" (*Casa Herrera, Inc. v. Beydoun* (2004) 32 Cal.4th 336, 341-342.) "However, a '"favorable" termination does not occur merely because a party complained against has prevailed in an underlying action . . . . If the termination does not relate to the merits—reflecting on neither innocence of nor responsibility for the alleged misconduct—the termination is not favorable in the sense it would support a subsequent action for malicious prosecution.' [Citation.] Thus, a 'technical or procedural [termination] as distinguished from a substantive termination' is not favorable for purposes of a malicious prosecution claim." (*Id*. at p. 342.) An example of a technical or procedural termination that is not favorable for purposes of a malicious prosecution claim is a dismissal pursuant to a settlement. (*Ibid*.; accord, *Nunez v. Pennisi* (2015) 241 Cal.App.4th 861, 874 [a "technical or procedural termination—such as a dismissal on statute of limitations grounds, pursuant to a settlement, or on the grounds of laches—is not favorable for purposes of a malicious prosecution claim"]; see also *Coleman v. Gulf Ins. Group* (1986) 41 Cal.3d 782, 794, fn. 9 ["termination of an action

by compromise or settlement has been held to be an insufficient basis for a malicious prosecution action"].)

The Windy Pizza parties argue they stated a legally sufficient claim for malicious prosecution and made a prima facie factual showing sufficient to sustain a favorable judgment. They contend, because Catellani voluntarily dismissed the underlying employment action with prejudice, the trial court erred in finding against them on the element of favorable termination. However, more is required: "It is not enough . . . merely to show that the proceeding was dismissed" to establish a favorable termination. (*Jaffe v. Stone* (1941) 18 Cal.2d 146, 150; accord, *Cox v. Griffin, supra*, 34 Cal.App.5th at p. 451.)

To be sure, cases have stated or otherwise suggested a voluntary dismissal is presumed to be a favorable termination on the merits. (See, e.g., *Lee v. Kim* (2019) 41 Cal.App.5th 705, 720; *Sycamore Ridge Apartments, LLC v. Naumann* (2007) 157 Cal.App.4th 1385, 1400; but see *JSJ Limited Partnership v. Mehrban* (2012) 205 Cal.App.4th 1512, 1524 [where the underlying action had been voluntarily dismissed after the trial court had sustained a demurrer with leave to amend on the basis of res judicata, the court of appeal characterized the plaintiff in the subsequent malicious prosecution action as "rel[ying] on the res judicata ruling to support its position that the dismissal constituted a termination on the merits" because "[o]therwise there is no reason to determine that the dismissal reflected on the merits"].) Any such presumption, however, is rebuttable. (Cf. *Wilson v. Parker, Covert & Chidester* (2002) 28 Cal.4th 811, 821 ["[i]n denying a motion to strike on the ground that the plaintiff has established the requisite probability of success, therefore, the trial court necessarily concludes that the plaintiff

11

has substantiated a legally tenable claim through a facially sufficient evidentiary showing and that the defendant's contrary showing, if any, does not defeat the plaintiff's as a matter of law"].)  Even if a voluntary dismissal were presumed to constitute a favorable termination, Pakravan and Masserat rebutted the presumption and defeated the malicious prosecution claim as a matter of law by presenting evidence Catellani had voluntarily dismissed her employment action with prejudice pursuant to a settlement.  (See *Casa Herrera, Inc. v. Beydoun*, *supra*, 32 Cal.4th at p. 342; *Coleman v. Gulf Ins. Group*, *supra*, 41 Cal.3d at p. 794, fn. 9; *Nunez v. Pennisi*, *supra*, 241 Cal.App.4th at p. 874.)  As observed by the trial court, the Windy Pizza parties' complaint alleged, "As part of her [settlement] agreement, Catellani . . . agreed to dismiss with prejudice the entire Employment Action with prejudice against not only Pellini but also, Windy Pizza and Pezzoli who, obviously, were not parties to the Divorce Action."  This allegation was supported by Pellini's declaration filed in opposition to the motions to strike.[8]  Moreover, the settlement agreement provided Catellani would dismiss her employment action "[a]s a material and integral part of" the settlement.

Relying on a statement by the trial court during the hearing on the motions, the Windy Pizza parties assert the court's ruling was premised on its erroneous belief there had been a global settlement.  They emphasize the court's comment,

---

[8]     Pellini's declaration stated, "As part of her agreement, Catellani . . . agreed to dismiss with prejudice the entire Employment Lawsuit with prejudice against not only me, but also Windy Pizza and Pezzoli, who were not parties in the Dissolution Lawsuit."

"Clearly the settlement was probably an effort to make a global settlement in a dissolution of marriage action which included the agreement to dismiss the employment case, which had nothing to do, so to speak, with the dissolution of marriage case." The underlying employment action had not settled, they note; there was only a settlement in the dissolution action. But in response to their counsel's argument there was no global settlement, the court stated, "I was using [that terminology] in a descriptive form." "I recognize there was no specific reference, but there's that connection because, as you just indicated, in the family law matter, it was conditional on the commencement of the settlement agreement payout . . . that the employment case be dismissed. And the employment case was, in fact, dismissed. So we know all of that." The trial court was not confused. It correctly found the employment action had been dismissed as a condition of settlement in the marital dissolution action.

The Windy Pizza parties also contend, notwithstanding the express condition in the marital settlement agreement requiring Catellani to dismiss the employment action, Catellani, in fact, dismissed that action because she knew her claims lacked factual and legal support. Specifically, they assert her verified complaint falsely characterized her as an hourly employee denied wage and hour benefits and contained other allegations disproven by Catellani's income and expense declaration in the marital dissolution action (which they attached as an exhibit to Pezzoli's declaration in opposition to the motions to strike). They also contend her verified complaint falsely alleged Pezzoli was liable as her employer despite her knowledge he was not an owner, director or employee of Windy Pizza during the relevant period. It is a reasonable inference, they argue, that Catellani elected to

13

dismiss her employment action to avoid having to submit a false declaration in opposition to the pending motions for summary judgment and summary adjudication.

Although a court must accept as true evidence favorable to the plaintiff in determining a section 425.16 special motion to strike, it need not consider speculative inferences. (See, e.g., *Monster Energy Co. v. Schechter*, *supra*, 7 Cal.5th at p. 795 ["speculative inferences not supported by the evidence proffered need not be considered"]; *Abir Cohen Treyzon Salo*, *LLP v. Lahiji* (2019) 40 Cal.App.5th 882, 890 [same]; *Christian Research Institute v. Alnor* (2007) 148 Cal.App.4th 71, 89 [reversing denial of a section 425.16 motion to strike where, among other grounds, plaintiffs relied on an inference that "amount[ed] to little more than a speculative possibility"]; cf. *Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 864 ["[s]peculation, however, is not evidence"]; *Annod Corp. v. Hamilton & Samuels* (2002) 100 Cal.App.4th 1286, 1298-1299 [""'[w]hen opposition to a motion for summary judgment is based on inferences, those inferences must be reasonably deducible from the evidence, and not such as are derived from speculation, conjecture, imagination, or guesswork"'"].) The inference that Catellani dismissed her employment action to avoid having to submit a false declaration is the product of just such impermissible speculation and conjecture.

The Windy Pizza parties' reliance in their reply brief on *Ross v. Kish* (2006) 145 Cal.App.4th 188 (*Ross*) to support their conjecture is misplaced. In *Ross* the defendant in the malicious prosecution action had refused to be deposed in his underlying action for breach of contract and legal malpractice, and his lawsuit was dismissed as a discovery sanction. The malicious

prosecution action plaintiff argued the dismissal of the underlying action was the equivalent of a dismissal for failure to prosecute, which has been recognized as a favorable termination. (*Id*. at pp. 191, 198.) Division Three of this court agreed because dismissal of an action for refusal to be deposed and dismissal for failure to prosecute both "reflect[] adversely on the merits of the action based on the natural assumption that one does not simply abandon a meritorious action once instituted." (*Id*. at p. 200.) In reaching this conclusion the *Ross* court relied on the malicious prosecution defendant's conduct in the underlying action, specifically, his defiance of discovery orders, failure to appear for his deposition, failure to make any showing of future compliance and failure to file any opposition to, or appear at the hearing on, a motion for terminating sanctions. (*Ibid*.)

Here, in contrast to *Ross*, the Windy Pizza parties presented no evidence Catellani abandoned her employment action: In particular, there was no evidence the deadline for Catellani to oppose the pending motions for summary judgment and summary adjudication had passed when she agreed to dismiss that lawsuit as part of the marital settlement agreement. A court need not consider the dismissing party's motivations to settle where the dismissal was pursuant to a settlement. (See *Ferreira v. Gray, Cary, Ware & Freidenrich* (2001) 87 Cal.App.4th 409, 414 ["[i]t is not necessary . . . to examine the motivations of the parties [to settle]—a negotiated settlement not only creates an ambiguity as to the merits of the underlying action, it is entirely inconsistent with bringing a further lawsuit for malicious prosecution"]; *Villa v. Cole* (1992) 4 Cal.App.4th 1327, 1337 [rejecting argument the court must "inquire into the parties' motivations in settling the underlying lawsuit" and "look behind

15

the settlement to see if Cole and Seeterlin sought to terminate the litigation because they did not think it could be won"].)

The Windy Pizza parties also note there was no waiver in the marital settlement agreement of any claims against Masserat and Pakravan. In addition, Windy Pizza and Pezzoli were not parties to the dissolution proceedings or the settlement agreement in that case. Neither fact is significant. Because the employment action was dismissed as part of a settlement (albeit in a different proceeding), the termination of that action was not related to its merits—that is, not a favorable termination for Windy Pizza, Pellini or Pezzoli for purposes of a malicious prosecution action. (See *Villa v. Cole*, *supra*, 4 Cal.App.4th at p. 1336 ["even where a defendant does not agree to a settlement made on his behalf, his or her dismissal from the lawsuit pursuant to that settlement will not be viewed as a favorable termination as long as it was a necessary condition to achievement of the overall settlement"]; *Cantu v. Resolution Trust Corp.* (1992) 4 Cal.App.4th 857, 883 ["[e]ven the dismissal of a party who refuses to participate in a settlement concluded by other parties does not constitute a favorable termination for the nonsettling party"]; *Haight v. Handweiler* (1988) 199 Cal.App.3d 85, 89 ["Haight's dismissal was a condition of the settlement with Gergen. Such a termination does not necessarily reflect Godes's opinion that his action against Haight lacked merit and thus does not qualify as a favorable termination in the context of a malicious prosecution action"].)

Finally, *Siebel v. Mittlesteadt* (2007) 41 Cal.4th 735, a case on which the Windy Pizza parties rely, does not compel a different conclusion. In *Siebel* the malicious prosecution plaintiff had obtained after a jury trial a favorable judgment on the claims

16

brought against him in the underlying litigation.  Pending appeal of the judgment, the parties settled; and the appeals were voluntarily dismissed pursuant to the settlement agreement. However, the agreement expressly provided it "did not modify 'the final termination of the Action entered in favor of [the malicious prosecution plaintiff] for purposes of pursuing claims against [the malicious prosecution defendants], or otherwise prevent [the malicious prosecution plaintiff] from pursuing any claims against [the malicious prosecution defendants]' based on the underlying judgment." (*Id*. at pp. 738-739.)  The *Siebel* Court held the settlement constituted a favorable termination "[b]ecause [the malicious prosecution plaintiff] received a favorable judgment in the underlying proceeding and settled without giving up any portion of the judgment in his favor." (*Id*. at p. 743.)  The Court expressly limited its holding "to a postjudgment settlement by the parties that does not fundamentally change the parties' relationship established by the underlying judgment on the merits" and left undisturbed cases holding the element of favorable termination was not established where dismissal of the underlying action was pursuant to a settlement in the absence of such judgment.  (*Id*. at p. 744.) Here, there was no judgment on the merits of the underlying employment action.

## DISPOSITION

The order granting the section 425.16 special motions to strike and the judgment are affirmed.  Pakravan and Masserat are to recover their costs on appeal.


PERLUSS, P. J.

We concur:


SEGAL, J.


FEUER, J.